O’NIELL, J.
Plaintiff appeals from a judgment dismissing her suit for separation from bed and board, on a plea to the jurisdiction of the court, ratione materia».
Plaintiff was married to defendant in New Orleans, La., on the 4th of February, 1904. She was then and had been all her life domiciled and residing in the city of New Orleans. Defendant then had his residence and domicile in New York City, and had never resided in Louisiana. He came to New Orleans for the purpose of marrying plaintiff, having no intention of remaining in New Orleans ; and, immediately after the ceremony, the couple went to his residence in New York City, where they lived together as man and wife for about five years. Then they took up a residence in Garden City, Long Island, in the state of New York. In August, 1915, when plaintiff and defendant were spending the summer months at Greenwich, Conn., defendant abandoned his wife, announcing that he would never live with her again. Thereafter, plaintiff, with her two children, issue of the marriage, returned to her home in Garden City, Long Island, where she and the children resided until November, 1917. There was no reconciliation of the spouses, or return of the husband to the matrimonial domicile; and in November, 1917, plaintiff, with her two children, returned to New Orleans, where her relations were yet residing. Defendant continued residing at his domicile in New York and has never returned to New Orleans since his marriage. Plaintiff, having lived in New Orleans four months, in March, 1918, brought this suit for a separation from bed and board, on the ground that her husband had abandoned her and persistently refused to live with her. An attorney and curator ad hoe was appointed to represent the absent defendant; but, after service of the citation and petition upon the curator, defendant employed other attorneys, who appeared and filed the plea to the jurisdiction of the court, ratione materias.
Opinion.
There is only one exception to the rule that a Louisiana court has not jurisdiction of a suit for divorce or for separation from bed and bocrd against a nonresident of the state, for a cause that occurred in another state at a time when there was no matrimonial domicile in Louisiana. The exception to that rule is found in article 142 of the Civil Code, upon a proper construction of which depends a decision of the question presented by this appeal, viz.:
“Whenever a marriage shall have been contracted in this state, and the husband after such marriage, shall remove or shall have removed to a foreign country with his said wife, if said husband shall behave or have behaved towards his wife in said foreign country in such a manner as would entitle her, under our laws, to demand a separation from bed and board, it shall be lawful for her, on returning to the domicile where her marriage was contracted, to institute a suit there against her said husband for the purposes above mentioned, in the same manner as if they were still domiciliated in said place, any law to the contrary notwithstanding. In such cases an attorney shall be appointed by the court to represent the absent defendant; the plaintiff shall be entitled to all the remedies and conservatory measures granted by law to married women, and the judgment shall have force and *755 •effect in the same manner as if the parties had never left the state.”
Plaintiff contends that all of the conditions required by article 142 of the Code, for conferring jurisdiction upon the civil district court in New Orleans, are presented here, viz.: (1) That the marriage was contracted in New Orleans; (2) that the husband, after the marriage, removed with his wife to a foreign state; and (3) that the husband behaved towards his wife in said foreign state in such a manner as would entitle her under our laws to demand a separation from bed and board.
' Defendant contends that, from the language of the article quoted, it does not apply to a case where there was no matrimonial domicile in Louisiana previous to the offense or behavior of the' husband that would have been cause for granting a separation under the laws of this state.
Our opinion is that defendant’s contention is borne out by several expressions in the article quoted. In the first place, the condition that “the husband, after such marriage, shall remove or shall have removed to a foreign country with his wife,” cannot, with reason, apply to a man who has never resided in Louisiana. In common parlance, it would never be said, of a person who had visited Louisiana only briefly and without intending to remain here, that he afterwards “moved” or “removed” from Louisiana to a foreign country. Our opinion is that the word “domicile,” in the expression, “it shall be lawful for her, on returning to the domicile where her marriage was contracted, to institute a suit there against her said husband for the purpose above mentioned, in the same manner as if they were still domiciliated in said place,” is synonymous with “place.” But the “place” referred to in the expression, “as if they were still domiciliated in said place,” means a place where they were — not where she was — theretofore domiciled.
Article 142, making an exception to a general rule, should not be applied to a case to which its applicability is very doubtful. We cannot apply it to the case before us without ignoring some of its very plain language.
We have pretermitted defendant’s contention that Louisiana’s sister states are not foreign states or countries, within the meaning of article 142, and we have pretermitted the argument that article 142 is not applicable to a case where the cause for demanding a separation is abandonment; because we are constrained to sustain the plea to the jurisdiction, for the reason already given, without regard for the two other reasons urged by defendant; the force of which we doubt very much.
The judgment is affirmed.