**(122 So. 54)**

### No. 29803.

### BREWSTER v. EMLET.

March 25, 1929. Rehearing Denied April 22, 1929.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for relator.

Pugh, Grimmet & Bóatner and Fred Simon, all of Shreveport, for respondent.

ST. PAUL, J. This is an application to prohibit the trial judge from proceeding further with the hearing of this cause, on the ground that he is without jurisdiction. C. P. arts. 845, 846.

Relator was sued by plaintiff on six promissory notes, given as (part of) the purchase price of certain property, "which was sold to said L. M. Emlet by Morgan Oil Company, Incorporated, on the 19th day of March, 1928, by act before E. A. Motted, notary public." The notarial act is not annexed to the petition, but was offered in evidence; it declares on its face that the purchaser, L. M. Emlet, defendant in suit and relator here, is "a resident of Zwolle, Sabine parish, Louisiana."

The defendant was sued in Caddo parish, and his property was attached in said parish, and in others, on the ground that he "is a nonresident of the state of Louisiana, and that he resides, as your petitioner is informed, in St. Louis, Missouri, and is at present transiently in the parish of Caddo." C. P. art. 165, No. 5; C. P. art. 240, No. 2.

The defendant excepted, and prayed for the dismissal of the suit, on the ground that the court was "without jurisdiction, and all proceedings therein null, for the reason that he (defendant) is a resident of Louisiana, domiciled in the parish of Sabine." C. P. art. 162.

I.

We have mentioned the fact that the very act out of which these notes grew, and of which plaintiff had cognizance as above said, declares that defendant is a resident of Zwolle, Sabine parish, Louisiana, for the purpose of disposing at once of the claim that defendant is estopped from denying that he is a resident of St. Louis, Missouri, because in several *other* acts he had so declared himself. For it is clear that plaintiff cannot have been misled by declarations in other acts, when the very act out of which the transaction grew, and of which he had cognizance, declared that defendant was a resident of Louisiana. On the contrary, the estoppel is just the other way. For defendant could

not have been heard, in any proceedings on these notes, to deny that he was a resident of Sabine parish, after having declared in the act out of which they grew that he was a resident of said parish.

## II.

For the rest the question is only one of fact, and whilst we are loath to disturb a finding of fact by a trial judge, nevertheless it is our duty to do so when in our opinion his finding of facts is manifestly erroneous.

Defendant was originally domiciled in St. Louis, Missouri, but in June, 1924, he came to Zwolle, Sabine parish, to engage in oil operations in that section. He did not go to housekeeping, but resided at a hotel. His wife and child generally accompanied him while in Zwolle. But his business required him to travel about considerably, and when he was absent from Zwolle his wife sometimes removed to Shreveport. The evidence does not show how much of his time he spent in Zwolle, but it does show that Zwolle was his headquarters for business, and that he returned there constantly, never being absent for more than 6 weeks at a time. It shows that he joined the local lodge of Masons about September, 1925, declaring that he had been a resident of Zwolle for the 12 months immediately preceding. It also shows that in August, 1926, he registered as a voter in Sabine parish, declaring under oath that he had resided in the state and parish since June, 1924.

On the other hand, he signed some 20-odd instruments, dated from December 5, 1925, to September 21, 1928, in which he is described as a resident of St. Louis, Missouri. But he sold his home in St. Louis in 1926, and has never been there to reside since that time, though occasionally going there for a month or so at a time on business, and residing at a hotel. He also during that time signed about a dozen instruments, in which he is described as a resident of Zwolle, Sabine parish.

We have read the testimony of the defendant, which is practically the only evidence in the case (except the documentary evidence aforementioned), and it impresses us as a full, frank, and truthful statement of his position, and that position is that he has established a bona fide residence in Zwolle, with the intention of making that place his home.

In the matter of domicile, the principal factor to be considered is the intention of the party, coupled with such residence at the domicile claimed as will suffice to show that the declared intention to reside in the place is not a mere subterfuge for claiming a domicile which one has not. If there be a bona fide intent to establish a domicile, and a bona fide residence of some sort, "it is immaterial whether he lived in a hired house, a boarding house or [hotel], or his own dwelling." Succession of Steers, 47 La. Ann. 1551, 18 So. 503. The domicile is then "fixed," even as soon as such residence has begun or lasted "even for a few days" only. Gravillon v. Richard's Ex'r, 13 La. 293, 33 Am. Dec. 563; Verret v. Bonvillain, 33 La. Ann. 1304.

We therefore think that relator had established a bona fide residence in Zwolle, with the intention of making it his home, and that his plea to the jurisdiction of the court of Caddo parish should have been maintained.

## III.

The plea to the jurisdiction did not come too late; according to the record, it was filed before the default was taken. The motion to set aside the default thus taken, was not such an appearance as waived the plea to the jurisdiction. If it were, then a plea to the jurisdiction would be an idle formality, since in that case the defendant could always be shut off by the premature taking of a de-

fault, and the defendant would be powerless to stop the confirmation of such default, notwithstanding that the court was without jurisdiction, and the default prematurely entered.

## IV.

Article 163, C. P., has no application. This is an attachment suit purely and simply, and not a sequestration, or an hypothecary action, or an action in revendication of property, or a provisional seizure. Plaintiff called it an attachment, gave bond as for an attachment and not as for a sequestration (C. P. art. 277), and seized not only lands in Caddo parish, but also in Sabine parish, and on which he made no pretense of having a privilege or lien otherwise than by virtue of his attachment, and the sole ground alleged for the attachment was the nonresidence of the defendant.

### Decree.

The judgment of the trial court, overruling the plea to the jurisdiction, is therefore reversed and set aside, and it is now ordered that defendant's plea to the jurisdiction of the lower court be maintained, and that plaintiff's suit be dismissed, at his cost in both courts.