The plaintiff filed suit in the civil district court for the parish of Orleans for a separation from bed and board. It is alleged in her petition that the plaintiff is a resident of Atlanta, Ga.; that she was married to the defendant in that city and state; that the matrimonial domicile was and is in that city and state; that the defendant abandoned her in that city and state; and, since said abandonment, the defendant removed to and has established a residence in the city of New Orleans, La. The pertinent part of the prayer of her petition is for a decree ordering the defendant to return to "No. 5 Collier Road, Apartment 3, in Fulton County, on the outskirts of the City of Atlanta, Georgia, the matrimonial domicile." *Page 927 
The defendant excepted to the jurisdiction of the court ratione personæ and ratione materiæ. These exceptions were overruled. With full reservation of his rights under his exceptions to the jurisdiction of the court, the defendant filed exceptions of no right and no cause of action. These exceptions were also overruled. Some time thereafter, upon the application of the plaintiff, the court issued a rule upon the defendant to show cause why he should not be condemned to pay the plaintiff alimony pendente lite, at the rate of $150 per month from June 1, 1933, the date the suit was filed. The rule was heard and a judgment was rendered thereon awarding the plaintiff alimony at the rate of $100 per month from April 10, 1934, the date the rule for alimony was served upon the defendant. The defendant suspensively appealed from the judgment. The plaintiff answered the appeal and prayed for an amendment of the judgment so as to include an award of alimony for the months from June 1, 1933, to April 10, 1934, at the rate of $150 per month, for said months. The case was heard on appeal, but pending the decision thereof, the defendant applied to this court for writs of certiorari, mandamus, and prohibition. A writ of certiorari, coupled with a stay order issued, and, in response thereto, the record has been sent up; returns have been filed by the respondents, and the case has been submitted, on the briefs of counsel, for our consideration.
The latest expressions of this court, on the jurisdictional question the relator's application presents, in suits such as the one under review, will be found in the following *Page 928 
cases: Mathews v. Mathews, 157 La. 930, 103 So. 267; Evans v. Evans, 166 La. 145, 116 So. 831, 832; Mann v. Mann, 170 La. 958,129 So. 543.
In the Mathews Case this court reviewed all of the cases on the subject-matter with which it had knowledge, and said: "We think it is the uniform and consistent jurisprudence of this state that, where both spouses were non-residents of Louisiana, and the marriage was not contracted in this state, and the cause of action arose prior to the acquisition of a Louisiana domicile by either, the courts of this state will not entertain suits, instituted by either spouse, for separation from bed and board or for divorce."
In the Evans Case the Chief Justice was the organ of the court. The facts of that case were that the marriage was celebrated in Mississippi, the matrimonial domicile was in that state, and the wife abandoned her husband in that state. The husband became a resident of Louisiana, and sued his wife for a separation from bed and board in the court of his domicile in this state. There was an admission in the record that the spouses had never lived together in this state, and the wife had never been in Louisiana. These are the exact facts in the case before us. In the Evans Case the court said: "It is well settled that the courts of Louisiana will not entertain a suit for divorce, or for separation from bed and board, for a cause which arose elsewhere and before the parties were domiciled in this state. Neal v. Her Husband, 1 La. Ann. 315; Edwards v. Green, 9 La. Ann. 317; Muller v. Hilton, 13 La. Ann. 1, 71 Am. Dec. 504; [Bonella ] Cabellero v. Maduel, *Page 929 
26 La. Ann. [112] 113; Champon v. Champon, 40 La. Ann. [28] 30, 3 So. 397; Heath v. Heath, 42 La. Ann. 437, 7 So. 540; Nicholas v. Maddox, 52 La. Ann. 1493, 27 So. 966; Blake v. Dudley,111 La. 1096, 36 So. 203; Clark v. Clark, 145 La. 740, 82 So. 875; Mathews v. Mathews, 157 La. 930, 103 So. 267.
In the Mann Case this court said, quoting from the syllabus, the following: "Husband cannot maintain suit in state for divorce or separation where marriage took place in another state, cause did not originate in state, and wife never resided with husband in state or became resident of state."
The learned trial judge, in his return to the writ, relies upon the cases of George v. George, 143 La. 1032, 79 So. 832, and Clark v. Clark, 145 La. 740, 82 So. 875. In the opinion handed down by the Chief Justice in the Evans Case, the George Case is commented upon and differentiated from the Evans Case, and the Clark Case is cited as an authority for the conclusion reached by the court in the Evans Case. In the Clark Case, the abandoned wife presented herself at the domicile established by her husband in Louisiana, and the husband refused to receive her therein, or to live with her. His refusal was an actual abandonment of his wife in Louisiana, a just cause of action for her suit, which followed, and clothed the court of her husband's domicile with jurisdiction of the res as well as of the person of the defendant. There is no semblance between the locus of the cause of action in the Clark Case and in the case before us, for in this case it does not appear that the plaintiff has ever been within the borders of Louisiana. *Page 930 
Counsel for respondent contends that the writ issued herein should be recalled and vacated because the relator has an adequate remedy by appeal from the judgment, when rendered, in the pending suit for separation from bed and board. In support of this contention he cites State ex rel. Hernandez v. Monroe, Judge, 33 La. Ann. 923. In the Hernandez Case the courts of this state had jurisdiction of the subject-matter. Two suits had been filed; one by the husband, in St. Bernard, and the other, by the wife, in Orleans parish. The question of jurisdiction ratione personæ was raised by the relator. He did not allege irreparable or imminent injury, but merely the apprehension of possible injury that might result from conflicting judgments of the two courts. In that case the court said: "As the parties are husband and wife, and as they can have but one domicil, and but one court * * * can legally entertain jurisdiction of a suit between them of the character mentioned, it is very evident that one suit or the other was brought before the wrong tribunal. Of course, it would be impossible for this Court to determine this question of jurisdiction and domicil without examining the evidence on the subject brought up in the records from both courts. This we do not feel authorized to do, since these rulings, of themselves, can work no irreparable injury; and relief from the effect of them can be afforded by appeal." (Italics by this court).
In the case before us, if the relief prayed for by the relator is denied, he will be compelled, by an order of court, rendered on an incidental demand, in a suit wherein the court is without jurisdiction of the subject-matter *Page 931 
of the main demand, to pay out a large sum of money with no remedy whatever, by appeal, to recover one cent of the sum so disbursed.
For the reasons assigned, it is ordered, adjudged, and decreed that the exception to the jurisdiction of the court ratione materiæ, filed in the above-entitled suit in division A of the civil district court of Orleans parish, be and it is hereby maintained.
It is further ordered, adjudged, and decreed that writs of prohibition and mandamus issue as prayed for in relator's application therefor, and that the suit of Mrs. Julia Peeples, wife of John R. Land, Jr., v. John R. Land, Jr., No. 202434 of the docket of the said court, be dismissed.