HAMITER, Justice.
 

 Alleging herself to be a resident of Rapides Parish, Louisiana, plaintiff, Mrs. Willie V. Zinko, instituted this suit in the District Court of the named governmental subdivision, praying for a judgment against her husband, Stanley Zinko, “decreeing a divorce ‘a vinculo matrimonii’ between them and dissolving forever the bonds of matrimony heretofore existing between them.”
 

 Additional allegations of plaintiff’s petition are that the husband is a member of the United States Army, having been inducted therein at his former home in Scranton, Pennsylvania; that she was married to him in the Town of Natchitoches, Natchitoches Parish, Louisiana, on October 11, 1942, from which date until December 10, 1942, they lived at the home of her parents in such town and he engaged in army maneuvers in that vicinity; and that on December 11, 1942, they established their home and domicile in . Alexandria, Rapides Parish, Louisiana, and there lived together.
 

 Plaintiff further shows that since their marriage her husband has committed acts of adultery in Rapides Parish, Louisiana, particularly on January 2, 1943, and January 9, 1943.
 

 On January 16, 1943, or the day following the action’s commencement, defendant was personally served with citation. In response, and through counsel, he -filed an an
 
 *481
 
 swer admitting all of the allegations of the petition except those charging a violation of his marriage vows.
 

 The cause then came on for trial and evidence was adduced, so the minutes recite, after which it was taken under advisement by the court. Ultimately, there was judgment dismissing plaintiff’s suit for want of jurisdiction.
 

 This appeal followed, it having been perfected by plaintiff; and the case was submitted to us without oral argument and on a brief of only plaintiff’s counsel.
 

 In his written reasons for judgment, the trial judge comments in part:
 

 “The question presented is one of jurisdiction alone, since the evidence abundantly showed that the defendant was guilty of the act of adultery as charged. The fact that plaintiff alleged that when they came to Alexandria they intended to make Alexandria the matrimonial domicile, and that defendant admits the allegations, is not, in itself, conclusive on the Court.
 

 “In this case, the only evidence of the matrimonial domicile is the simple allegation of the plaintiff and the admission of that fact in defendant’s answer. All of the other evidence indicates that defendant never changed his domicile. The fact that he was located at any army camp near Alexandria did not have the effect of changing his domicile. And the mere renting of a room from week to week for three or four weeks, where his wife stayed, and to which he repaired occasionally, only at night, since he was in army camp, was not, we think, sufficient to establish a matrimonial domicile in Alexandria.
 

 “There is no question that defendant had not changed his domicile on the date of his marriage on October 12, 1942, and that his domicile was then in Pennsylvania. Therefore, when they were married, the domicile of the plaintiff automatically became that of her husband and since we have reached the conclusion that the new domicile had not been acquired by the acts above indicated, their matrimonial domicile was in Pennsylvania when the act of adultery complained of was committed, although in point of fact, it was committed within the jurisdiction of this court.”
 

 The court’s comment relative to the matter of defendant’s change of domicile is vigorously challenged by counsel for plaintiff, they stating in their brief that “testimony was introduced at the trial of this cause showing that the intention of the parties was to permanently live and maintain their home in Rapides Parish, Louisiana.” On this important and vital question of fact, we cannot make a finding; the record contains no transcript of the evidence assertedly adduced. Presumably, the testimony taken was not reduced to writing, as the certificate of the Clerk of Court attests that the record furnished to us discloses all of the proceedings had and documents filed in the cause.
 

 “The domicile of each citizen is in the parish wherein he has his principal establishment. The principal establishment
 
 *483
 
 is that in which he makes his habitual residence * * R.C.C. Article 38. By this is meant the principal domestic establishment. Mosely v. Dabezies, 142 La. 256, 76 So. 705.
 

 “If there be a bona fide intent to establish a domicile, and a bona fide residence of some sort, ‘it is immaterial whether he lived in a hired house, a boarding house or (hotel), or his own dwelling.’ * * * The domicile is then ‘fixed,’ even as soon as such residence has begun or lasted ‘even for a few days’ only.” Brewster v. Emlet, 168 La. 326, 122 So. 54, 55. “To establish another domicile it is necessary that the person' have the intention of abandoning his domicile at the time, and of residing in the new place permanently or indefinitely, coupled with actual residence there.” Succession of Webre, 172 La. 1104, 136 So. 67. A change of domicile may be undertaken by a man whenever he so desires; any restraint upon his choice would be an abridgment of his right. “The law seeks for the intention, and allows every citizen freely to select his domicil accordingly, as his interest, inclination, or even caprice, may direct.” Hennen v. Hennen, 12 La. 190.
 

 The domicile of a married woman is that of her husband (R.C.C. Article 39) ; and she is legally obligated to live with and follow him wherever he chooses to reside (R.C.C. Article, 120). And, as a general rule, suits between the spouses for divorce or separation from bed and board must be brought at the matrimonial domicile established for them by the husband. Barrow v. Barrow, 160 La. 91, 106 So. 705. Also recognizing said principles of law are Smith v. Smith, 43 La.Ann. 1140, 10 So. 248; Stevens v. Allen, 139 La. 658, 71 So. 936, L.R.A.1916E, 1115; George v. George, 143 La. 1032, 79 So. 832; Lepenser v. Griffin, 146 La. 584, 83 So. 839; and McGee v. Gasery, 185 La. 839, 171 So. 49. But these authorities announce, and some of them follow and apply, an exception to the general rule, which is that where the husband’s conduct has been such as to furnish lawful grounds for a divorce the wife is justified in leaving him and acquiring a separate domicile; and on the bona fide establishment by the wife of such a separate domicile her marital status becomes subject to the jurisdiction of the courts of that domicile.
 

 In the instant case it is to be observed that the matter presented for our consideration deals solely with the jurisdiction of the court rationae materiae, that is its competency or power to decide the divorce issue. Its jurisdiction rationae personae is not called in question, for personal service of citation was duly and properly made on defendant and he answered to the merits of the cause.
 

 The court a qua, in our opinion, can entertain jurisdiction of this cause, provided that the alleged cause of action arose in this state; and, further, provided that, pursuant to the requirements of the above-stated principles of law, either (1) the defendant has his principal domestic establishment in Rapides Parish, or (2) the
 
 *485
 
 plaintiff has acquired a separate domicile there.
 

 A determination of these conditions cannot now be made by us, because, as before stated, the record contains no transcript of testimony. And, being unable to make a definite pronouncement, we have concluded to remand the cause, as authorized by Code of Practice Article 906, with instructions that the trial court give further consideration to it, receive testimony relating to all of the mentioned conditions, and render a decision in accordance with law.
 

 The judgment appealed from, therefore, is reversed and set aside, and the case is remanded to the District Court to be proceeded with according to law and consistent with the views herein expressed. The costs of this appeal are to be paid by defendant, while all others shall await the final determination of the case.
 

 O’NIELL, Chief Justice,
 

 is of the opinion that a suit for divorce, in a case where there is no community property, is strictly a personal action, and may be brought therefore at the place where the defendant' is residing at the time when the suit is brought, — and especially if that is the place where the offense was committed, — and hence that the judge should not dismiss the suit for want of jurisdiction if the defendant does not except to the jurisdiction but, on the contrary, answers the suit and thereby submits to the jurisdiction of the court.