22 So.2d 649

## BURGAN v. BURGAN.

### No. 37693.

June 5, 1945.

Frank H. Peterman, of Alexandria, for appellant.

K. Hundley, Lamar Polk, Jake Shapiro, H. W. Hill, and C. F. Gravel, Jr., all of Alexandria, amici curiae.

FOURNET, Justice.

Virgil Burgan, a sergeant in the United States Army, alleging that he married Bernice Vercher, a resident of Rapides Parish in the adjoining parish of Avoyelles. on December 31, 1943, while he was stationed at the Alexandria Army Air Field in Rapides Parish, and that he immediately thereafter established their matrimonial domicile in Rapides Parish, where they have continued to remain, seeks a divorce from his wife on the grounds of adultery.

The defendant was personally served in Rapides Parish with citation and a copy of the petition and a default was taken against her when she failed to answer or appear in the case. However, when the plaintiff sought to confirm this default, the trial judge dismissed the plaintiff's suit ex proprio motu under the authority of Stevens. v. Allen, 139 La. 658, 71 So. 936, L.R.A. 1916E, 1115; Peeples v. Land, 181 La. 925,. 160 So. 631; and Restatement of Conflict of

Laws, § 111, being of the opinion that the court had no jurisdiction in the matter and that he was, therefore, without authority to try the same because the wife's domicile, under Article 39 of the Revised Civil Code, is that of the husband and his, at the time of his induction into the army, was in the state of Virginia, the evidence failing to show that he had ever abandoned his domicile in that state or that he came to Louisiana for the purpose of residing or establishing a domicile. It is from that judgment that the plaintiff is appealing.

 Under the express provisions of the Revised Civil Code the domicile of a married woman is that of her husband (Article 39) and she is bound to live with and follow him wherever he chooses to reside (Article 120), but suits between spouses for divorce or separation from bed and board, as a general rule, "must be brought at the matrimonial domicile established for them by the husband." Zinko v. Zinko, 204 La. 478, 15 So.2d 859, 860. And, as was very aptly pointed out in the Zinko case, " 'If there be a bona fide intent to establish a domicile, and a bona fide residence of some sort, "it is immaterial whether he lived in a hired house, a boarding house or (hotel), or his own dwelling." * * * The domicile is then "fixed," even as soon as such residence has begun or lasted "even for a few days" only.' Brewster v. Emlet, 168 La. 326, 122 So. 54, 55. "To establish another domicile it is necessary that the person have the intention of abandoning his domicile at the time and of residing in the new place permanently or indefinitely, coupled with actual residence

there.' Succession of Webre, 172 La. 1104, 136 So. 67. A change of domicile may be undertaken by a man whenever he so desires; any restraint upon his choice would be an abridgment of his right. 'The law seeks for the intention, and allows every citizen freely to select his domicil accordingly, as his interest, inclination, or even caprice, may direct.' Hennen v. Hennen, 12 La. 190."

Since the note of evidence adduced during the trial of this case has not been made a part of the record, not having been transcribed, we are unable to determine whether the trial judge's conclusion that he was without jurisdiction is supported by the evidence. However, counsel for the plaintiff states in his brief that when the plaintiff was being questioned by the court when he was testifying in his own behalf in an effort to prove the allegations of his petition so that the default taken against his wife might be confirmed, "he stated that before entering the service his home was in Virginia and that he was transferred from there to the Alexandria Army Air Field which is located a few miles from the City of Alexandria. He testified that he met his wife in Rapides Parish; that she is a Louisiana girl who had lived all her life in this State and that she was at the time of their meeting and their marriage a resident of Rapides Parish. They drove to Marksville on December 31, 1943, to get married but came back to Alexandria where they rented a room in a local hotel or rooming house which they occupied about a week. The plaintiff stated as we remember it *that this room or apartment was occupied*

*by them as their home with the intention of making it the matrimonial domicile.* The plaintiff also said that he was subject to military authority and might be transferred at any time to another station in the United States or possibly overseas. While occupying the marital residence he learned that his wife had been unfaithful and had violated the marriage vows by having illicit relations with other soldiers. He therefore left her and filed the present suit." (Italics ours.)

 It is our opinion that under the allegations of his petition and his uncontroverted testimony in support thereof the court of Rapides Parish has jurisdiction to try this case, for if the version of this testimony as given by counsel is correct the plaintiff, while residing in Rapides Parish, married the defendant, a resident of that parish, and immediately thereafter established their matrimonial domicile in that parish, where the cause of action also arose. The fact that the plaintiff was subject to military service and might be transferred at any time to another station in the United States, or even overseas, is immaterial. Nor can it be said that the fact that when he came to Louisiana he had no intention of establishing a domicile here prevent him from thereafter establishing his matrimonial domicile here upon his marriage. The authorities cited by the trial judge are neither controlling nor apposite from a factual or legal standpoint.

For the reasons assigned, the judgment appealed from is annulled and set aside and the case is remanded to the lower court for further proceedings consistent with the views herein expressed.

O'NIELL, C. J., concurs in the decree for the reasons stated in his dissenting opinion in Zinko v. Zinko, 204 La. 478, 15 So. 2d 859.