HAMITER, Justice.
In this action for a divorce, grounded on two years’ separation and instituted May 31, 1955 in the district court of Allen Parish, plaintiff, James O. Bruney, alleged that he and his wife, Carole Roy Bruney, were married in the State of Maryland in 1941; that “following said marriage he and his said wife resided in various places throughout the world made necessary by his military service in the U. S. Army until 1945, when they resided in LeBlanc, Parish of Allen, Louisiana, which is and has remained the permanent domicile of plaintiff”; that “after such residence he again was required to reside in various places by reason of his military service”; that “he and his said wife have been living separate and apart since March, 1953”; and that the defendant is absent from this state and is presently residing at Staten Island, New York.
The curator ad hoc appointed to represent the defendant filed an answer admitting that she is an absentee but denying, for lack of information, the other allegations of the petition.
After a trial, at which the defendant was represented by the curator ad hoc, the district court granted the divorce decree as prayed for by plaintiff.
Subsequently, the defendant employed her present counsel who requested and obtained this appeal.
Appellant complains here only that the “lower court erred in holding that it had *627 jurisdiction ratione materiae, inasmuch as plaintiff did not prove with that certainty-required by law that he had been a resident of the Parish of Allen for the two years next preceding the institution of his suit.” Appellee agrees that the sole question presented by the appeal relates to his alleged domicile in Allen Parish, and, hence, to the jurisdiction of the district court ratione materiae. However, he maintains: “That such residence and domicile were for more than two (2) years prior to the institution of the suit has been conclusively shown and is disclosed beyond doubt by the record.”
Appellant’s complaint, we think, is well founded. Assuming that appellee established his domicile in Allen Parish in 1945, as he alleged and testified, the record discloses that it was effectively abandoned in 1954 (within the required two year period preceding the suit’s filing on May 31, 1955) in favor of one in Nevada.
According to plaintiff’s own testimony he went to such state in 1954 and there commenced a residence, filed a suit against this defendant for a divorce, and resided for four weeks. When queried about the action he said: “Yes, sir, I tried to file one in Nevada; but at the time that I filed it I had not been there long enough to establish a residence. Frankly, that’s zvhat I went out there for. But I did not stay long enough to establish residence in Nevada.” (Italics- ours.)
Plaintiff explained that an established residence of six weeks was required before the case could be tried and the divorce obtained, and that the requirement was never satisfied because he dismissed the suit when his wife contested it. However, he-admitted that during the pendency of the action (for four weeks) he was contending for a Nevada residence.
In the brief of plaintiff’s counsel it is argued: “In further effort to' question plaintiff’s required residence in Louisiana prior to filing of this action, it was brought out on cross examination that there is a record in Nevada of a suit undertaken by plaintiff against this same defendant. However, it was shown, and not contradicted, that the residence requirements for a divorce action in Nevada were not completed, and the suit was dropped. Hence, there can be no presumption of establishing such a residence in Nevada, for the purpose of so establishing it dissolved when he abandoned the suit, left the state, and promptly re-enlisted in the Armed Forces at Fort Ord, California, giving his permanent residence in the enlistment as Louisiana. * * * ” Insofar as the jurisdictional question under consideration is concerned it matters not that plaintiff failed to reside in Nevada a sufficient length of time to obtain a divorce under the laws of that state. Of importance was his actually residing there, even though for only a four *629 weeks’ period, with the intention of establishing a domicile.
The following pronouncements contained in Zinko v. Zinko, 204 La. 478, 15 So.2d 859, 860 are pertinent here: “ Tf there be a bona fide intent to establish a domicile, and a bona fide residence of some sort, “it is immaterial whether he lived in a hired house, a boarding house or (hotel), or his own dwelling.” * * * The domicile is then “fixed,” even as soon as such residence has begun or lasted “even for a few days” only.’ Brewster v. Emlet, 168 La. 326, 122 So. 54, 55. ‘To establish another domicile it is necessary that the person have the intention of abandoning his domicile at the time, and of residing in the new place permanently or indefinitely, coupled with actual residence there.’ Succession of Webre, 172 La. 1104, 136 So. 67. A change of domicile may be undertaken by a man whenever he so desires; any restraint upon his choice would be an abridgment of his fight. ‘The law seeks for the intention, and allows' every citizen freely to select his domicil accordingly, as his interest, inclination, or even caprice, may direct.’ Hennen v. Hennen, 12 La. 190.”
The above pronouncements were quoted approvingly and reaffirmed in Burgan v. Burgan, 207 La. 1057, 22 So.2d 649.
Since plaintiff was inclined to and did intentionally set up his domicile in Nevada during the year 1954 his residence tenure in Louisiana was thereby broken. As a further result he could not be and was not a resident of this state for two years next preceding the■ institution of this suit; and, hence, the district court of Allen Parish was without jurisdiction ratione materiae to hear and determine the merits of the action.
For the reasons assigned the judgment appealed from is reversed and set aside and this suit is dismissed at plaintiff’s costs.
FOURNET, C. J., and HAWTHORNE, J., absent.