(92 South. 881)

No. 25242.

## LAPLACE v. BRIERE.

(June 27, 1922. Rehearing Denied July 17, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Divorce** ⬅62(6)—**Actual personal presence in state for seven years not required.**

Under Act No. 269 of 1916, requiring one seeking a divorce on the ground of separation for seven years to have resided continuously in the state for seven years, one having an actual bona fide established residence in the state need not have been actually and personally present in the state during the entire period.

2. **Divorce** ⬅62(6) — **Residence within state continuous until abandoned with intention of establishing different residence.**

Under Act No. 269 of 1916, requiring one suing for divorce on the ground of separation for seven years to have been a resident of the state continuously for seven years, an actual residence once established in the state continues until such residence is abandoned and lost by leaving the state permanently with the intention of establishing a residence without the state.

3. **Divorce** ⬅62(6) — **Residence not lost by leaving state on vacation trips and visits.**

Under Act No. 269 of 1916, one suing for divorce on the ground of separation for seven years did not lose her residence in the state by leaving the state on visits and vacation trips, returning to her place of residence within the state after each visit.

4. **Divorce** ⬅302—**Order and previous action as to custody of child held not to have force of res judicata.**

An order granted in a previous unsuccessful suit for divorce giving the temporary custody of a child to the husband was provisional and temporary and did not have the force of res judicata.

5. **Divorce** ⬅298(3)—**Custody of child awarded to wife obtaining divorce.**

Under Act No. 38 of 1921, requiring the custody of children upon divorce to be given to the party obtaining the divorce unless the judge for the better advantage of the children orders otherwise, where the moral fitness of the wife, who obtained a divorce, was unquestioned, and her mother, with whom she lived, had means and a good home, while the husband, who lived with his father and mother, saw the child only at night, the child would be awarded to the mother; there being no greater advantage to the child in intrusting it to the father.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Suit for divorce by Mrs. Eugenia Laplace against Henry R. Briere, her husband. From a judgment dismissing the suit, plaintiff appeals. Judgment annulled and set aside, and divorce granted.

Delvaille H. Théard, of New Orleans, Prentice E. Edrington, of Reserve, and John St. Paul, Jr., of New Orleans, for appellant.

Walter L. Gleason and Meyer S. Dreifus, both of New Orleans, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON. (Justice O'NIELL, sitting in place of Justice ST. PAUL, recused.)

THOMPSON, J. This suit was brought by the plaintiff for an absolute divorce from her husband and for the care, custody, and control of the single issue of the marriage, a boy some 8½ years old at the time the suit was filed. The suit is brought under Act 269 of 1916, commonly known as the "Seven Years Divorce Law."

It is alleged that plaintiff and defendant were married in the city of New Orleans on January 31, 1912; that they separated on November 11, 1914, and have continuously from said date and for more than seven years, lived separate and apart.

It is further alleged that the plaintiff has continuously resided in the city of New Orleans and this state during all of said seven years, except for such portions of the time she was absent on visits and vacation trips, always returning to the city of New Orleans, after such visits and vacation trips, where she had always lived, and where she considered to be her domicile and intended to continue to reside.

The answer of defendant admits that he and his said wife separated and have continuously lived separate and apart for the seven consecutive years immediately preceding the filing of this suit. It is denied that the plaintiff has continuously resided in this state during the said seven years, and it is alleged that plaintiff spent a greater part of the seven years out of the state, at one time remaining out of the state more than two years; that since the separation the defendant has had the care, custody, and control of the child and has reared and educated him; and that he has called upon the plaintiff at various times to act toward the child as a mother, all without avail. The defendant prayed for a divorce in his favor and for the custody and control of the child. On motion of plaintiff's counsel the defendant's demand for divorce was stricken from the answer, and on trial of the case the plaintiff's demand was dismissed as in case of nonsuit, and she appeals.

The only question presented for our decision is whether the plaintiff has continuously resided in this state during the seven years' separation, within the meaning of the statute. The statute reads:

"That when married persons have been living separate and apart for a period of seven years or more, either party to the marriage contract may sue, in the courts of the state of his or her residence, provided such residence shall have been continuous for the period of seven years, for an absolute divorce, which shall be granted on proof of the continuous living separate and apart of the spouses, during said period of seven years or more."

It is submitted on behalf of the plaintiff that no question can arise in this case as to whether the plaintiff has continuously resided in the state for seven years previous to the institution of this suit, since such a question goes to the jurisdiction of the court ratione personæ and must be pleaded specially and in limine. We are not prepared to give our assent to that interpretation of the statute. The question of continuous residence is as much a part of the plaintiff's case, under the plain language of the act, as is the fact of seven years' separation, and no court would be authorized to grant a divorce unless the fact of such continuous residence was established. The question of residence is jurisdictional ratione materiæ, and can no more be waived by the parties than can the period of separation be lessened. The obvious purpose of the statute under consideration was to grant the right to either party to a marriage contract to obtain a final divorce in the courts of this state only on proof of seven years' uninterrupted separation and living apart, coupled with proof of seven years' continuous residence in this state.

The facts are undisputed that the plaintiff and defendant were married in this city on January 31, 1912, and established their matrimonial domicile here. They have never had any marital domicile outside of this city. They separated on November 11, 1914, and plaintiff filed this suit on November 12, 1921.

Plaintiff was born in the parish of St. John the Baptist, and in her early infancy her parents moved to the city of New Orleans, where they continued to make their home. After plaintiff's separation from her husband, she lived with her mother the greater part of the time, and with Mr. and Mrs. Edrington for possibly some three years. On one or two occasions when she was sick she went to a hotel in this city on the advice of her physician. She left the state six times during the seven years, but it is shown by the testimony of herself and her mother that those trips were either summer vacations or to visit relatives. The visits included California, New York, and North Carolina, where the plaintiff had relatives. She was never away on any one of those visits longer than two or three months. The plaintiff had a sister whom she visited in California, and her mother accompanied her on her visits to see this sister, and returned with her. On

her summer trips she would leave her winter clothing in New Orleans, and, when her visits were in the winter, she left her summer clothing behind. That the plaintiff's intention was to retain her residence in this city is clearly indicated by the following questions and answers:

"Q. At the time you left here what was your intentions as to your returning, or what was your intention as to your residence in Louisiana?

"A. My intentions? There was no intentions. I was born and raised here and lived here all my life. New Orleans is certainly my home; always was. I always understood I was taking these little trips and coming back.

"Q. Did you ever intend to acquire a domicile, or leave New Orleans as your home, at any time on any of those trips?

"A. No, sir."

The fact remains that the plaintiff, during all of the seven years, never acquired any actual or legal domicile outside of the city of New Orleans, and it follows that she never lost her actual residence or legal domicile in the city of New Orleans. It is to be noted that the defendant offered no proof on the final trial and did not himself take the witness stand. If it was a fact, as alleged in the answer, that the plaintiff had been out of the state continuously for two years and had lost her residence in this state, that fact was susceptible of ready and definite proof.

[1-3] The able and energetic counsel for plaintiff have cited and discussed at length quite a number of authorities as to what constitutes "continuous residence" within the meaning of the statute under which this suit is brought, but we do not deem it necessary to review them. We do not regard the language in the statute, "provided such residence shall have been continuous for the period of seven years" as requiring that a spouse suing for a divorce and who has an actual bona fide established residence in this state, should be and remain actually and personally present within the state during the entire period of seven years. The proper and reasonable construction to be placed on the statute and a common sense view of the matter is that an actual residence once established in the state is retained and continues until that residence is abandoned and lost by the party leaving the state permanently coupled with the intention of establishing a residence without the state. Our conclusion is, therefore, that the plaintiff, in leaving the state on the several visits to her relatives and the trips of vacation, returning to her place of residence after each visit, did not lose her residence in this state, and hence she must be regarded as having resided in the state continuously for the seven years within the meaning of the statute.

Act 38 of 1921 provides that in all cases of separation and divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce, unless the judge shall, for the greater advantage of the children, order that some or all of them shall be intrusted to the care of the other party.

[4, 5] It appears that in 1914 plaintiff prosecuted unsuccessfully a suit for a divorce on the ground of cruel treatment. At the time that judgment was rendered the temporary custody of the child was given to the husband. In advance of the trial in the present case, the plaintiff took a rule on defendant to rescind the order granting him the temporary custody of the child, but the rule was discharged by the court for the reason that the order was granted by another division of the court and was not subject to revision or modification by the judge who presided in this case. Conceding the correctness of the ruling, the order was provisional and temporary and has not the force of res judicata. There is no sufficient reason disclosed by the record why the plaintiff should not be awarded the custody and control of her child. The moral fitness of the plaintiff is not questioned. She makes her home with her mother, who appears to have means and a good

home. The defendant lives with his father and mother. He is a city salesman for the Cudahy Packing Company, and is only with the child at night. There is therefore no reason for saying that it would be for the greater advantage of the child to intrust it to the defendant. In the absence of such reason, we feel constrained to follow the statute and to place the child under the care of the mother, who is granted the divorce.

For the reasons assigned, it is ordered and decreed that the judgment appealed from be annulled and set aside, and it is now ordered and decreed that the plaintiff be granted a divorce a vinculo matrimoni from her husband, Henry R. Briere. It is further decreed that the plaintiff be intrusted with the permanent care, custody, and control of her minor son, Henry R. Briere, Jr., issue of her marriage with the defendant, and that defendant pay costs of both courts.

ST. PAUL, J., recused.