DAWKINS, J.
Plaintiff brought this suit for divorce under the provisions of Act 269 of 1916, alleging that he had lived separate and apart from defendant in this state for more than seven.years.
The defense urged was that plaintiff had *943 not had a continuous residence in the state during the seven years immediately preceding the filing of this suit.
The lower court found that plaintiff’s residence had not been continuous for 'the period mentioned, rejected his demands, and hence he prosecutes this appeal.
Opinion.
Plaintiff and defendant were married in 1901, and lived together until they were separated August 23,1909, since which time they have not sustained the relation of husband and wife toward each other. At the time of the separation, plaintiff was living in a house with his mother and sisters on Baronne street, in the city of New Orleans. In September, 1915, the mother moved to California, and he went to live with a married sister, and stayed there until some time in 1916, when he moved to the home of a widowed sister in this city, where he remained for about a year, until she too went to California. He then returned to the home of the married sister and claims that he has resided there ever since.
Plaintiff was first a cotton classer, and later became a buyer of cotton, with duties requiring him to go wherever his employers might direct. When in the city, he stayed at the home of his sister, under an arrangement for paying board which does not clearly appear in the record. If his duties called him away in winter, his summer clothing was left with his. sister, and if needed before ■his return, was sent to him; similar conditions being true with respect to his absence in warm seasons. He was a member of two clubs in this city with which he at all times continued his connection as a resident member.
According to the plaintiff’s testimony, he was here most of the time during 1921, but the suit was filed February 19, 1921. During 1920 and 1921, he was employed by Hardy & Co., of Liverpool, England, with headquarters in New Orleans, traveling whenever necessary. In 1919 and 1920, he was employed by Weil Bros., with headquarters at Montgomery, Ala., where he reported, received his salary, maintained a boarding place, received his mail, and from which point, he was sent on trips about the country in pursuance of his employers’ business. He was working on a salary, and the period of employment covered a se'ason of ten months out of each year. During those two years, or for ten months out of each, when not traveling, he lived or resided in Montgomery. It is true that he made a few trips to New Orleans, on business and for pleasure, but in reality he was residing in the Alabama city. The year 1917 was spent in the employ of the New Orleans Cotton Exchange in this city; for about six months of 1915, he was in Oklahoma buying cotton; and for three years preceding, he was employed by W. A. Oage & Co., of Memphis, Tenn., with conditions and arrangements about the same as those mentioned above with respect to his work in Montgomery.
We have no doubt that plaintiff never intended to abandon New Orleans as his home; and if we were confronted with a question of domicile, might find that he retained one here. However, something more than mere domicile is required under the statute. The plaintiff must be a resident of this state, and such residence must be continuous. As was said in the case of Laplace v. Briere (No. 25242) ante, p. 235, 92 South. 881, we do not think this means, that he should remain here every moment of that time; but he must actually reside here, and maintain a place to which he can and does return when the causes which take him away on business or pleasure have ended. In other words, if a man were so employed, or his business required that he go> out of the state every day, week, or month, and he daily, weekly, or monthly' returned! *945 and maintained a bona fide residence here, we do not think those trips from the state would break the continuity of his residence. Yet, where, as in this case, one obtains employment without the state, establishing headquarters and a residence to which he returns and resides, in the manner which we have just suggested he might do here, and merely comes here on visits, whether they be often or seldom, we think he has thereby necessarily abandoned for the time that character of residence required by the law, the chain is broken, and the time does not begin to run again until he resumes his actual residence here.
For the reasons assigned, the judgment appealed from is affirmed, with costs.