(127 So. 888)

## WHITBECK v. WHITBECK.

No. 30518.

March 31, 1930.

Foster, Hall, Barret & Smith, of Shreveport, for relator.

Cook & Cook, of Shreveport, for respondent.

O'NIELL, C. J.

■■ The relator complains of a decree of the district court adjudging him guilty of contempt of the authority of the court and sentencing him to pay a fine of $10 and to be imprisoned 10 days, for sending his child out of the jurisdiction of the court after his wife had obtained a decree of separation from bed and board. In her suit for a separation from bed and board the wife asked to be intrusted with the care and custody of the boy, thirteen years of age, who was then in her custody, but in the decree of separation the child was not mentioned. Article 157 of the Civil Code declares that, in all cases of divorce or of separation from bed and board, the children shall be placed under the care of the party who shall have obtained the divorce or decree of separation, unless the judge shall, for the greater advantage of the children, order that some or all of them shall be intrusted to the care of the other parent. The wife, in this case, invokes the article of the Code and the decision in Lemunier v. McCearly, 37 La. Ann. 133, which her counsel interpret as meaning that a decree of divorce or of separation from bed and board has the effect of giving to the party obtaining the decree the care and custody of the children, even when they are not mentioned in the decree. The case of Lemunier v. McCearly was a proceeding by the husband to obtain the custody of his child after his wife had obtained a divorce and had remarried. The cause for which Lemunier claimed that

he was entitled to the custody of the child was that the mother and her second husband were too poor to care for the child properly, and that they were in the retail liquor business, in which the child was sometimes required to dispense whisky to the customers, and that it was therefore "for the greater advantage of the child [children]," as the Code provides, that she should be intrusted to the care of her father. The court decided merely that it was for the advantage of the child that she should remain in her mother's care and custody. The language of article 157 of the Civil Code leaves no doubt that, if a decree of divorce or of separation from bed and board does not in terms determine which one of the parents shall have the care and custody of the children of the marriage, the question is left open for future adjudication —the parent who obtained the decree of divorce or separation from bed and board being entitled to the care and custody of the children "unless the judge shall, for the greater advantage of the children, * * * order that some or all of them shall be entrusted to the care of the other party." The language of the article is "the children shall be placed under the care of the party *who shall have obtained* the separation [or divorce] unless," etc. The decision in Lemunier v. Mc-Cearly, therefore, is not authority for the proposition that a decree of divorce or of separation from bed and board is, of itself, when silent on the subject of the care and custody of the children of the marriage, an order to deliver them into the care and custody of the parent in whose favor the decree was rendered.

■■ It is argued on behalf of the relator that the failure of the judge to grant the wife's prayer for the care and custody of the child, in the decree of separation from bed and board, was equivalent to a rejection of the demand for the care and custody of the child. We do not think so—especially as the husband, in his answer to the suit for separation from bed and board, also prayed to be given the care and custody of the child. The fact is that the decree of separation from bed and board did not dispose of the question as to which one of the parents should be intrusted with the care and custody of the child. When the wife filed her suit for a separation from bed and board, the judge signed an order intrusting to her the custody of the child during the pendency of the suit; but the judge concedes, in his answer to the rule which we issued in this case, that his order giving the wife the temporary custody of the child expired and was superseded by the decree of separation from bed and board, and therefore that there was no violation of the order giving the wife the temporary custody of the child.

■■ The power of a court, under article 131 of the Code of Practice, to impose a penalty for contempt or disobedience of the authority of the court, does not include the power to impose a penalty for violation of a statute. Even though the wife is, primarily, entitled to have the care and custody of her child, by virtue of article 157 of the Civil Code, there has been no disobedience or violation of any order of the court on the subject.

The rule to show cause, or alternative writ of prohibition, which was issued in this case, is now made peremptory, and the conviction and sentence of the relator for contempt are **annulled.**