20 So.2d 295

## McWILLIAMS v. McWILLIAMS.

### No. 37162.

Nov. 6, 1944.

John T. Charbonnet, of New Orleans, for defendant-appellant.

W. H. Sellers, of New Orleans, for plaintiff and appellee.

O'NIELL, Chief Justice.

The defendant is appealing from a judgment of divorce, granted on the ground that she and the plaintiff had remained separate and apart for a period exceeding two years continuously.

Act No. 430 of 1938 provides that if a man and wife live separate and apart for two years or more either of them may sue for and obtain a divorce in the district court of his or her residence in this state provided such residence in the state shall have continued for a period of two years or more.

The appellant contends that the plaintiff did not reside continuously in Louisiana for a period of two years before he brought this suit, but resided in the City of St. Johns, Newfoundland, continuously for the year and eight months immediately preceding the filing of the suit. She contends also that he resided in Plaquemines Parish, Lousiana, for "a few months" before going to St. Johns, Newfoundland.

The plaintiff has been for more than ten years engaged extensively in the contracting and construction business with headquarters in New Orleans. At the time when this suit was filed—and when it was tried—he was in St. Johns, Newfoundland, attending to the construction of an army base under a contract with the United States Government. He had been there, so engaged, for a year and eight months when the suit was

filed, and for a year and ten months when the suit was tried. Before going to Newfoundland he was engaged on a construction job in the Parish of Plaquemines, Louisiana, a few miles below New Orleans; and for that purpose he resided at the place of his employment for a period not stated exactly in the testimony but said to be "a few months." The plaintiff's mother, residing in New Orleans, testified that he had retained his domicile and residence in New Orleans continuously from the time when he and the defendant separated. That was five years and eight months before this suit was filed. During that period the plaintiff's home was in the same house in which his mother resided. He had no other home, either in or outside of Louisiana. The only times when he resided away from the home of his mother were the times when he was compelled to reside at the places of his employment in his construction business; and in those instances he always returned to his home in New Orleans at the end of his employment elsewhere. That testimony is corroborated by that of a prominent citizen of New Orleans, who had frequent professional dealings with the plaintiff, and who was the only witness in the case besides the plaintiff's mother. The defendant was in Galveston, Texas, when the suit was filed and at the time of the trial. The judge appointed an attorney at law residing and practicing in New Orleans to represent the defendant as curator ad hoc, and she personally retained him as her attorney in the case. She made no special plea in her answer to the suit, but merely denied specifically each and every allegation in the plaintiff's petition—including the allegation that she and the plaintiff were married in Junction City, Arkansas, on the 3d day of July, 1932. That allegation is verified by the marriage certificate and marriage license, which were annexed to the plaintiff's petition; and the fact has not been disputed since the defendant answered the suit. Immediately after the marriage the plaintiff and defendant established their matrimonial domicile in Louisiana, and lived together in this state continuously, in several towns, successively, where the plaintiff was engaged in his construction work, until the 25th of May, 1937, when they separated and he returned to New Orleans. They have never lived together since that date. He has resided in New Orleans continuously since that time, except for the several brief periods in which he was attending to his construction work elsewhere. Accordingly, the plaintiff's residence in this state, separate and apart from his wife, had continued for four years before he went to Newfoundland. And, as far as the evidence goes, the plaintiff's residence in this state, separate and apart from his wife, has continued to this day.

■ The plaintiff cites and relies upon Laplace v. Briere, 152 La. 235, 92 So. 881. The defendant cites and relies upon Trinchard v. Grace, 152 La. 942, 94 So. 856. Both of those cases were decided under the seven-year divorce law, Act No. 269 of 1916; but, except for the fact that that statute required seven years separation and the act of 1938 requires only two years separation, the statutes are alike. In the Laplace case the court held that the continuity of the plaintiff's residence for seven

years in Louisiana was not broken by her making six sojourns or visits in three other states during the seven years. In granting the divorce the court stated [152 La. 235, 92 So. 882]:

"The proper and reasonable construction to be placed on the statute and a common sense view of the matter is that an actual residence once established in the state is retained and continues until that residence is abandoned and lost by the party leaving the state permanently coupled with the intention of establishing a residence without the state."

In Trinchard v. Grace it was held that the plaintiff's residing in Memphis, Tennessee, for three years, and afterwards .in Montgomery, Alabama, for a part of two years, broke the continuity of his seven years residence in Louisiana. But in the opinion rendered in Trinchard v. Grace the decision in Laplace v. Briere was cited with approval, thus [152 La. 942, 94 So. 857]:

"The plaintiff must be a resident of this state, and such residence must be continuous. As was said in the case of Laplace v. Briere (No. 25242) [152 La. 235], 92 So. 881, we do not think this means that he should remain here every moment of that time; but he must actually reside here, and maintain a place to which he can and does return when the causes which take him away on business or pleasure have ended."

It is not contended—and is not true—that the temporary stay of the plaintiff in Plaquemines Parish effected a change of domicile from the Parish of Orleans to the Parish of Plaquemines. And our conclusion is that

his temporary residence in St. Johns, Newfoundland, did not break the continuity of his term of residence in Louisiana, in the meaning of the proviso in Act No. 430 of 1938 that, in a suit like this, the plaintiff's "residence within this State"—separate and apart from the defendant—"shall have been continuous for the period of two years."

The judgment is affirmed.