fendants of the charge of murder, they must be discharged.

For the reasons assigned, the convictions and sentences of the defendants are annulled and the defendants are ordered discharged.

O'NIELL, C. J., concurs in the decree on the ground that the charge of the Judge was not appropriate here without explanation.

27 So.2d 358

### SPRING v. SPRING.

No. 38207.

June 14, 1946.

Rehearing Denied July 3, 1946.

J. F. Phillips, of Shreveport, for plaintiff-appellant.

Clem V. Ratcliff, of Shreveport, curator ad hoc for defendant-appellee.

PONDER, Justice.

The plaintiff, Rene A. Spring, has appealed from a judgment rejecting his demand for a divorce.

The plaintiff was married to the defendant, June E. Spring, in the State of New Jersey on August 15, 1931, and subsequently moved to the State of Maine where they resided as husband and wife until they separated on June 7, 1941. They have lived separately and apart since that time. The plaintiff entered the military service of the United States in the State of Maine on June 23, 1942, and has been stationed at Barksdale Field near Shreveport, Louisiana, since the month of May, 1943. Since he has been stationed at Barksdale Field, he has lived in a rooming house in Shreveport, Louisiana. The defendant has never lived in this State.

This suit was brought under the provisions of Section 1 of Act No. 430 of 1938. The Act provides that either party to a marriage contract may sue in the courts of his or her residence within the state. The sole question presented for our determination is whether or not the plaintiff is a resident of the state within the purview of the Act.

Counsel for the plaintiff contends that the lower court failed to distinguish the difference between divorces granted under the provisions of the articles of the Civil Code, art. 138 et seq., and those under Act No. 430 of 1938. He takes the posi-

tion that the determining factor under the codal articles is the question of domicile, but under the provisions of the Act relied on, the mere residence and living separate and apart continuously for a period of two years is all that is required.

■ Act No. 269 of 1916 required a continuous separation for a period of seven years. The provisions of the Act in all other respects were similar to those contained in Act No. 430 of 1938. The only difference in the acts being that the period of separation was reduced from seven years to two years. In construing Act No. 269 of 1916 which contained the provision, "that * * * either party to the marriage contract may sue in the courts * * * of his or her residence," this Court stated in the case of Trinchard v. Grace, 152 La. 942, 94 So. 856, that something more than mere domicile is required under the statute and that the plaintiff must not only be a resident of the state, but such residence must be continuous, citing Laplace v. Briere, 152 La. 235, 92 So. 881. Both of these cases were cited with approval in McWilliams v. McWilliams, 206 La. 1007, 20 So.2d 295. In the case of Navarrette v. Laughlin, 209 La. 417, 24 So.2d 672, it is stated that the judicial power to grant a divorce is founded on domicile and many authorities are cited therein to support the conclusion. The only reasonable interpretation of the Act, insofar as it authorizes either party to a marriage contract to sue in the courts of his or her residence, is that it undoubtedly contemplates a bona fide residence or domicile.

From a reading of the record, it appears that the plaintiff testified that he intends to make Shreveport his permanent home. He admits that he has performed no act to indicate such intention and that he did not come to Louisiana of his own free will but by reason of his service.

■ All of the authorities agree that a person inducted into the military service retains his residence in the state from which he was inducted until he has abandoned it and established a new residence elsewhere. The fact that one lives in a state under military compulsion in the absence of any act showing an intention to establish a residence cannot be held to satisfy the factual requirements for a residence of choice. The mere secret intention to establish a residence is not sufficient under the circumstances. We are not unaware of the fact that a voluntary living at a place is a circumstance tending to prove residence, but this rule would not apply with respect to a person in the armed services. There is nothing in the record to show the plaintiff expressed any intention, or did any act, indicating that he had abandoned his residence in Maine and had established one in this State, except his statement, on the trial of the cause, that he intended to make Shreveport his home. Under such circumstances, the plaintiff cannot be considered a bona fide resident

of Louisiana or domiciled therein. The jurisprudence of this State and various other states support this view. Stoker v. Leavenworth, 7 La. 390; Stevens v. Allen, 139 La. 658, 71 So. 936, L.R.A.1916E, 1115; 148 A.L.R. 1413; 149 A.L.R. 1471; 150 A.L.R. 1468; 151 A.L.R. 1468; 152 A.L.R. 1471; 153 A.L.R. 1442; and 155 A.L.R. 1466.

For the reasons assigned, the judgment is affirmed at appellant's cost.