CLEMENT M. Moss, Judge ad hoc.
This is an action for divorce instituted by Cosmo L. Fresolone against his wife, Dorothy O’Beirne (Fresolone), based on the allegation that the parties lived separate and apart for more than two (2) years. LSA-R.S. 9:301, as amended in 1960. Judgment was rendered in favor of plaintiff. The defendant, an absentee, was represented by a curator-ad-hoc, who has appealed from that judgment.
Plaintiff, Sergeant Fresolone, is a career soldier in the Regular Army of the United States. Prior to entering the service, Sergeant Fresolone lived with his parents in Hamden, Connecticut. He and the defendant were married there in June, 1953, and immediately thereafter established a matrimonial domicile in Hampton, Virginia, where Mrs. Fresolone. continued to live while'the plaintiff .was'overseas in Korea. Upon his return to Virginia fin December, 1957, Fresolone, in his own words, “got word of her activities” while he was overseas. He left his wife on December 15, 1957, and the plaintiff and defendant have lived separate and apart since that time. On leaving his wife, plaintiff testified that he “went home on leave and stayed with my people”. This was in Hamden, Connecticut. While there, plaintiff consulted an attorney. Sergeant Fresolone admitted on cross-examination that he signed a suit for divorce in Connecticut, in which suit he alleged that he was a resident of Connecticut. When questioned as to the outcome of this suit, Sergeant Fresolone was evasive.
At the end of his leave, Sergeant Freso-lone reported back to Fort Eustis, Virginia, and from there was ordered to Camp Leroy Johnson, Louisiana, in February, 1958, where he was still stationed at the time the instant suit was filed. Sergeant Fresolone is now on a tour of duty in Europe, having left the same month the lower court’s judgment was rendered.
Counsel for appellant contends that the lower court erred in granting plaintiff a judgment of divorce, because the plaintiff was not a domiciliary of Louisiana, and, therefore, the lower court was without jurisdiction.
The statutory law relative to divorce actions which our courts may entertain is stated as follows in Article 10 of the LSA-Civil Code of Procedure:
“A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
* ‡ ‡ *
“(7) An action of divorce, or of separation from bed and board, if one or both of the spouses are domiciled in this state and, except as otherwise provided by law, the grounds therefor were committed or occurred in this state, or while the matrimonial domi *43 cile was in this state.” (Emphasis added)
It is clear from the unambiguous wording of the above quoted article that for the lower court to have had jurisdiction in these proceedings for divorce, the plaintiff must have been a domiciliary of Louisiana at the time he filed the instant suit.
The Civil Code defines “domicile” as the place where a person has his habitual residence. Article 38, Louisiana Civil Code of 1870. In addition, the Louisiana courts have held that to acquire a new domicile, a person must intend to remain at a new residence permanently and must have given up any former domiciles. Succession of Webre, 172 La. 1104, 136 So. 67; Zinko v. Zinko, 204 La. 478, 15 So.2d 859; Burgan v. Burgan, 207 La. 1057, 22 So.2d 649; Bruney v. Bruney, 231 La. 624, 92 So.2d 388. They have also held that a party who seeks to avail himself of a change of domicile bears the burden of proving it. Foreman v. Jordan, (Ct.App., 3 Cir., 1961), 131 So.2d 796.
In Walcup v. Honish, 210 La. 843, 28 So. 2d 452, the plaintiff, a member of the armed forces, sought a divorce from his wife on the ground of two (2) years separation in fact. The jurisdiction of the Louisiana court was challenged, and the Supreme Court had the following to say about domicile and burden of proof:
“Plaintiff came to Louisiana not as his own voluntary act but under military compulsion. If, after arriving in this state, it became his bona fide intention to establish a permanent residence here, he has the burden of overcoming the legal presumption that he has not changed his domicile. For under the jurisprudence of this state, as said by this court in First Nat. Bank of Lumberton, Miss. v. Hinton et al, 123 La. 1018, 49 So. 692, 694, 'The question of domicile is one of intention as well as of fact, and * * * the parties seeking to show that it has been changed to this state must overcome the legal presumption that it has not been changed by positive and satisfactory proof of the establishment of a domicile here as a matter of fact with the intention of remaining here and of abandoning the former domicile.’ ” (Emphasis added)
Sergeant Fresolone was in Louisiana from February, 1958, to October, 1961, a period of three (3) years and eight (8) months. During his entire stay in Louisiana he was a “barracks soldier”; which is to say that he never lived outside the confines of the military reservation' at Camp Leroy Johnson. He never registered .to vote in Louisiana; he did not own' and register an automobile here; nor did he acquire property of any sort situated in Louisiana. In the entire record there is but one single factor to support the plaintiff’s contention that he was a domiciliary of Louisiana. That is found in the following.testimony by Sergeant Fresolone:
“Q. Where is your home?
“A. Well, I’m going to reside right here in Louisiana when I retire from the Army. T have about five and a half years to go to retire.
“Q. You plan to live here?
“A. Yes, I do.
“Q. Whereabouts here? Is there anywhere in Louisiana ?
“A. New Orleans, somewheres here.
“Q. You plan to live in New Orleans when you get out of the Army ?
“A. Yes.
* * * * * * '
“Q. When did you become a resident of Louisiana?
“A. Well, I been here four years: now.
“Q. As soon as you came down' here, did you make up your mind that' *44 you were going to live here the rest of your life?
“A. No, sir.
“Q. When did you decide that?
“A. A couple of years back.
“Q. A couple of years back?
“A. Yes, sir.
“Q. You don’t know exactly when?
“A. No definite date. I would say three years ago, two, three years ago that I decided to stay here in New Orleans.”
We do not believe that this unsupported testimony of the plaintiff is sufficient to establish that he effected a change in domicile ' from Connecticut to Louisiana, and thus conferring upon the courts of Louisiana jurisdiction to grant him a divorce.
In Spring v. Spring, 210 La. 576, 27 So. 2d 358, a case precisely in point, the Louisiana Supreme Court had the following to say with regard to the question of servicemen’s domicile for divorce purposes:
“All of the authorities agree that a person inducted into the military service retains his residence in the state from which he was inducted until he has abandoned it and established a new residence elsewhere. The fact that one lives in a state under military compulsion in the absence of any act showing an intention to establish a residence cannot be held to satisfy the factual requirements for a residence of choice. The mere secret intention to establish a residence is not sufficient under the circumstances. We are not unaware of the fact that a voluntary living at a place is a circumstance tending to prove residence, but this rule would not apply with respect to a person in the armed services. There is nothing in the record to shoiv the plaintiff expressed any intention, or did any act, indicating that he had abandoned his residence in Maine and had established one in this State, except his statement, on the trial of the cause, that he intended to make Shreveport his home. Under such circumstances, the plaintiff cannot be considered a bona fide resident of Louisiana or domiciled therein. The jurisprudence of this State and various other states support this view.” (Emphasis added)
Considering the facts and law as stated above, this Court is of the opinion that plaintiff was not a domiciliary of Louisiana, and therefore, the lower court had no jurisdiction to grant a divorce in the case.
For the foregoing reasons, the judgment of the lower court is hereby vacated, annulled and set aside, and appellee’s suit is dismissed at his' costs.
Reversed.