CULPEPPER, Judge.
This is a suit for divorce on the grounds of two years separation under LSA-R.S. 9:301. The defendant wife, being a nonresident of the State of Louisiana, was served through a curator ad hoc. The curator filed a declinatory exception on the grounds that the court lacks jurisdiction of the marriage status because neither one of the spouses are domiciled in this state. LSA-C.C.P. Article 10(7). From a judgment sustaining this exception and dismissing the suit, plaintiff appeals.
Since the defendant wife admittedly has no domicile in Louisiana, the issue for determination on appeal is whether the plaintiff husband, a service man, is domiciled in this state so as to meet the requirements of LSA-C.C.P. Article 10(7) which reads as follows:
“Jurisdiction over status
“A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions :
* *
“(7) An action of divoixe, or of separation from bed and board, if one or both of the spouses are domiciled in this state and, except as otherwise provided by law, the grounds therefor were committed or occurred in this state, or while the matrimonial domicile was in this state.”
The facts are that the plaintiff husband is 33 years of age and has been in the United States Air Force since 1949. He was born in West Virginia and enlisted in the Air Force in Cleveland, Ohio where he had been living and working for approximately 17 months. Pie served at various military installations around the world but since May 15, 1958 has been stationed at Chennault Air Force Base in Lake Charles, *113 Louisiana. While stationed at Chennault, plaintiff and defendant, a resident of West Virginia, were married in Orange, Texas on March 16, 1959. They returned to Lake Charles, Louisiana where they lived in a rented apartment about three months after which time plaintiff’s wife left him and returned to West Virginia. The evidence shows that plaintiff has never been registered as a voter in Louisiana; that he has never owned any real property in Louisiana ; that he at one time had a bank account in Lake Charles, but did not have such an account at the time of the trial; that he uses a West Virginia driver’s license; that he does not belong to any church or civic club, nor does he engage in any civic work in Lake Charles; that except for the said three month period during which he lived in a rented apartment, he has lived on Chen-nault Air Force Base. However, plaintiff testified that he intended to live in Lake Charles after his release from the Air Force in approximately seven years.
The question is whether, under the above facts, plaintiff is domiciled in this state so as to meet the requirements of LSA-C.C.P. Article 10(7) quoted above. The following principles of law are applicable: The domicile of a person is the place where he has his principal domestic establishment, that is, where he makes his habitual residence or home, coupled with an intention to remain there permanently or for an indefinite length of time. LSA-C.C. Article 38; Zinko v. Zinko, 204 La. 478, 15 So.2d 859; Successions of Rhea, 227 La. 214, 78 So.2d 838; Foreman v. Jordan, La.App., 131 So.2d 796. A person joining the military service is presumed to retain his domicile in the state from which he was inducted until he has abandoned it and established a new domicile elsewhere. Spring v. Spring, 210 La. 576, 27 So.2d 358; Walcup v. Honish, 210 La. 843, 28 So.2d 452. The party who seeks to show a change of domicile bears the burden of proving it and so long as any reasonable doubt remains, the presumption is that it has not been changed. Foreman v. Jordan, supra, and the cases cited therein. The fact that one lives in a state under military compulsion, in the absence of acts showing a clear intention to establish a domicile, does not satisfy the requirement for a domicile of choice. Spring v. Spring, supra, and Walcup v. Honish, supra. Although a person’s statement is admissible evidence of his intention to establish his domicile at a particular place of residence, the court must consider all of the circumstances of the residence as well as the person’s entire course of conduct, in ascertaining whether he actually intends to remain there and make that place his domicile. Successions of Rhea, 227 La. 214, 78 So.2d 838 and cases cited therein.
The only evidence tending to support plaintiff’s contention is his statement that he intends Lake Charles to be his permanent home and the fact that he has lived there under military compulsion for four years. In the absence of any other acts tending to show an intention to make Lake Charles his permanent place of abode, he has not discharged his burden of showing a change of domicile to this state. He has not done here any of the things usually indicating a permanent home, such as voting, owning property, going to church, having a domestic establishment to which to return after military service, having a bank account, telling others of his intent to live here, joining local clubs, etc.
The curator ad hoc for defendant has answered the appeal asking that his fee be increased in order to compensate for his efforts in connection with this appeal. The District Court awarded $25. We think an increase to $125 is proper.
For the reasons assigned the judgment appealed is amended so as to increase the curator’s fee to $125, and in all other respects the judgment is affirmed. All costs of this appeal are assessed against the plaintiff.
Amended and affirmed.