SARTAIN, Judge.
Shirley Marie Smith filed a petition for a Writ of Habeas Corpus seeking to obtain the custody of her minor child, Dean O. Martin, age six, from its paternal grandmother, Mrs. Forrest Martin, Sr. The trial judge dismissed plaintiff’s petition and awarded the permanent custody to Mrs. Martin, Sr., from which judgment plaintiff appeals. We reverse.
The petition alleges inter alia that the child is the issue of her marriage to John L. Martin; that petitioner filed suit against her husband on July 20, 1970, for a separation; that her husband answered and filed a reconventional demand against her for a separation in his favor; that pending this action, the court, the Honorable Baron B. Bourg presiding, signed an order on March 16, 1971, awarding custody of the child to defendant; and that on April 8, 1971, Judge Bourg dismissed both the principal and reconventional demands. This judgment is silent as to the custody of the child.
The instant writ was filed on February 28, 1972, and was made returnable and heard on March 10, 1972.
The evidentiary portion of the record before us consists of the following: The Order of March 16, 1971, which by its very nature is an interlocutory decree; a copy of the judgment dismissing both demands in the separation suit when the matter was heard on the merits; and the following testimony adduced in response to the writ, which we quote in its entirety:
“MRS. FORREST MARTIN, SR., called under cross examination after being duly sworn testified as follows:
CROSS EXAMINATION
MR. HANEMANN:
Q Would you state your name for the record please.
A I’m Mrs. Forrest Martin.
Q Mrs. Martin, do you presently have custody of Dean O. Martin?
A. Yes, sir.
Q Is not Dean O. Martin under the age of twenty-one?
A Yes, sir.
Q Is not Dean O. Martin the son of Shirley Marie Smith and John L. Martin ?
A Yes, he’s their son.
Q Are not John L. Martin and Shirley Marie Smith Martin married ?
A If they’re married?
Q Yes.
A Yes, sir. They’re married.
MR. HANEMANN:
Tender the witness.
MR. LOTTINGER:
I have no questions.”
The trial judge, the Honorable Cleveland J. Marcel, Sr., in his oral reasons for judgment stated:
“I think Mr. Lottinger put the finger on the pulse of Louisiana jurisprudence with respect to children and that is that the welfare of the children. Although this case is res nova as far as this court insofar as the effect, what is the continuing effect if any of this family. I would have to agree with Mr. Hanemann that once the matter is terminated they simply terminate that judgment. There’s no other element. Apparently the grandparents in this case have' had the child for a year and there are many cases in our jurisprudence to the effect that *560 where children have been in the custody and have been in the home of people who have a very definite interest such as grandparents in the welfare of the children, the courts are most reluctant to make a change in circumstances unless two elements can be shown. Number one is that the circumstances that gave rise to the care, custody, and control of a child, that the circumstances have changed since the time that the child went into this particular home. Number two is that the best interest of the children will be served by now affecting a change from the previous circumstance. I would say that because of this alone that I would refuse at this time to make a change in the custody of this children. I am not certain as to what the effect of the pronouncement of the court in the past has been that were the children were removed from the custody of the mother. Certainly, it’s indicative of one thing to this court and that the best interest of the children at that time was cured by removing them from the mother and since we are primarily concerned with the welfare of the children this court can take judicial cognizance of the previous hearing and the judgment rendered by this court pronouncing the interest of the children are best served by being with the grandmother and that consideration causes an inestimable value in the minds of this court in making its determination and certainly the court can look to the previous judgment of this court even if it has no effect. Here was a pronouncement that the best interest of the children was by being with the grandparents. By virtue of this and by virtue of the fact that no evidence has been shown that the circumstances have changed since this time and there’s no showing that the best interest of the children would be served by making the change the court at this time rules that the demands of the petition be refused at this time.”
Appellant assigns three specifications of errors:
“1. The court erred in holding, in effect, that the mother and paternal grandmother were bound by the order for custody pendente lite issued in the earlier suit between the father and the mother.
“2. The court erred in awarding custody to the grandmother notwithstanding that she had not answered the mother’s petition for habeas corpus.
“3. The court erred in depriving the mother of permanent custody and awarding permanent custody to the grandmother without receiving evidence of the mother’s unfitness or the grandmother’s fitness.”
It is well recognized that a writ of habeas corpus may be used to obtain custody of a minor child. Emery v. Emery, 223 So.2d 680 (4th La.App.1969) and Lucas v. Lucas, 195 So.2d 771 (3rd La.App.1967); writs denied 250 La. 539, 197 So.2d 81 (1967). See also Hickman v. Hickman, 227 So.2d 14 (3rd La.App., 1969).
It is apparent from a reading of the record that petitioner relied upon the established rule that parents of a minor child have a right to the custody of that child unless they are unfit for such custody and it is in the best interest of the child to deprive them of that right. In proceedings on this premise petitioner called under cross examination the paternal grandmoth- " er who acknowledged that petitioner and the child’s father were still married and that Mrs. Martin, Sr. had the physical custody of young Dean O. Martin. Petitioner then rested her case and Mrs. Martin offered no rebuttal nor did she endeavor to introduce any evidence into the record tending to show that petitioner was unfit to have the custody of her child.
The trial judge was persuaded to lend validity to an interlocutory order in another proceeding and required of petitioner the dual burden of proof generally re *561 quired where a change of permanent custody is sought. The rule was stated in Pickens v. Pickens, 186 So.2d 683 (4th La.App., 1966), writs refused:
“[2] While an award of custody is subject to modification or change within the sound discretion of the trial judge, our jurisprudence has established the rule that a judgment awarding the permanent custody of children will not be changed unless the party seeking the change proves: (1) the conditions under which the children are living are detrimental to their best interest and welfare; and (2) that the applicant can and will provide a good home and better environment if awarded their custody. Decker v. Landry, supra, [227 La. 603, 80 So.2d 91]; Pepiton v. Pepiton, supra, [222 La. 784, 64 So.2d 3]; Wells v. Wells, La.App., 180 So.2d 580; Poitevent v. Poitevent, La.App., 152 So.2d 256; Gary v. Gary, La.App., 143 So.2d 411; Hanks v. Hanks, La.App., 138 So.2d 19; Gentry v. Gentry, La.App., 136 So.2d 418.”
A reading of the trial judge’s oral reasons for judgment, supra, clearly supports this conclusion. Inasmuch as there has never been a final adjudication on custody of the child at issue, we are compelled to hold that the judge a quo erred in imposing this burden of proof upon petitioner.
The record is devoid of any evidence as to petitioner’s unfitness except for the fact that during the pendency of a prior proceeding she was temporarily denied the custody of her child.
The interlocutory order of custody referred to by the district judge was incidental to the principal and reconventional demands in the separation suit and when those demands were rejected the interlocutory custody order terminated as a matter of law. Hickman v. Hickman, supra; Whitbeck v. Whitbeck, 170 La. 418, 127 So. 888 (1930); and Laplace v. Briere, 152 La. 235, 92 So. 881 (1922).
Appellee argues that the principal purpose of the custody proceeding is to determine what is in the best interest of the child whose custody is sought and that it would be very technical indeed to permit petitioner to rely upon the procedural device of simply alleging that she is the mother of the child without first showing that she has overcome the presumption as to her unfitness arising from the fact that she was denied custody during the pen-dency of her separation suit. We fully recognize that the primary concern of the court in such instances is the welfare of the child. However, the unalterable fact remains that the custody of the child who is the subject of this litigation has never been the subject of a final judgment. Even during the separation proceedings and while she was temporarily denied the custody of her child she had the right to have her fitness judicially determined on the merits. As we view the cases cited above as requiring the double burden, they in each instance pertain to a change of custody following a final judgment and are not authority for the imposition of such a rule as in the case at bar.
Mrs. Martin, Sr. had her opportunity to come forward with evidence as to the unfitness of the mother to have the custody of young Martin. This she chose not to do. The custody of children is always subject to review and re-evaluation if, for instance, the mother is in fact unfit. Mrs. Martin still has available to her the right to appeal to the courts for custody of this child.
Accordingly, for the above and foregoing reasons, the judgment of the district court denying petitioner’s relief is reversed and judgment is rendered herein vacating the writ and awarding to her the permanent care, custody and control of her minor son, Dean O. Martin. All costs of these proceedings are assessed against ap-pellee.
Reversed and rendered.