283 So.2d 605

**William Arthur COOK, Sr. and Blanche Cook**

**v.**

**William Arthur COOK, III and Maria Ortiz Cook.**

**Civ. 175.**

Court of Civil Appeals of Alabama.

Sept. 28, 1973.

Charles Tarter, Birmingham, for appellants.

Matt Scalici, Birmingham, for appellees.

BRADLEY, Judge.

The appellee here, Mrs. Maria Cook, filed in the Circuit Court of Jefferson County, in Equity, a petition asking for the issuance of a writ of habeas corpus. The purpose of the writ was to require the production in court of her infant son. On the same day, Mrs. Maria Cook filed in said court a complaint seeking a divorce from her husband, Arthur Cook, Jr.

The respondents in the habeas corpus proceeding were Arthur Cook, Jr. and his parents, William Arthur Cook, Sr. and Blanche Cook. The parents of Arthur Cook, Jr., who are the appellants here, were personally served with a copy of the petition, but the son, Arthur Cook, Jr., was not served.

A hearing was held before the trial court and as a result of that hearing a decree was rendered on February 1, 1973 granting temporary custody of the child to its mother, Mrs. Maria Cook, pending a decision on the merits of the divorce case filed by Maria Cook against Arthur Cook, Jr. The decree also discharged the appellants from the writ for the reason that they did not have possession of the minor child. It was also provided in said decree that the appellants, the grandparents of the child in question, were required to report to the court the time and place of any contact they might have with their son and to inform the court of his whereabouts as well as the whereabouts of the child.

An appeal was perfected to this court from the decree relating to the habeas corpus proceeding.

■ There are seven assignments of error, four of which are argued in brief. Those assignments not argued are deemed waived. Brittain v. Ingram, 282 Ala. 158, 209 So.2d 653.

■ Prior to a consideration of the assignments of error, this court must consider whether or not the appeal is moot in view of the fact that on April 27, 1973 Maria Cook was awarded a final decree of divorce and permanent custody of the minor child.

To say that this appeal is moot, we must decide if the decree on the merits of the divorce wherein permanent custody of the child was awarded to Maria Cook, but which did not contain the requirement that the grandparents report the whereabouts of their son and grandson should they acquire such knowledge, superseded and did away with the temporary orders relating to custody and allied matters in the habeas corpus proceeding.

We have been unable to find any Alabama cases on this precise point, but have found cases from other jurisdictions indicating that a decree on the merits finally deciding the matrimonial status of the par-

**154**

ties and the permanent custody of the children would supersede the interlocutory orders previously entered relating to temporary custody.

In Whitbeck v. Whitbeck, 170 La. 418, 127 So. 888, the Louisiana Supreme Court held that an order giving the wife temporary custody of a minor child was superseded by a separation decree which did not provide for custody. The Georgia Supreme Court in Graham v. Graham, 219 Ga. 193, 132 S.E.2d 66, decided that where temporary custody had been placed in third parties pending a divorce, and the court later granted a divorce and awarded permanent custody to another party, the original order was no longer in effect so as to give the original custodians standing to appeal the divorce decree.

In the instant case, the trial court in the habeas corpus proceeding awarded temporary custody of the child to the mother, Maria Cook, until such time as there was an award of permanent custody arising out of the divorce action—No. 176–518—then pending in said court.

It was made known to this court by brief of appellee and statements of counsel for both parties at oral argument that permanent custody of the child in question was awarded to appellee by the final divorce decree of April 27, 1973, rendered by the same court as decided the habeas corpus proceeding. See Rule 9, Supreme Court Rules.

Based on the reasoning set out in the cited cases, we therefore conclude that the temporary custody award and the order requiring the appellants to report the whereabouts of the son and grandson, which order was supportive of and in aid of the temporary custody award, are now moot; hence, the appeal must be dismissed. It being necessary to dismiss the appeal, the issues raised therein will not be considered.

Appeal dismissed.

WRIGHT, P. J., and HOLMES, J., concur.