129 So.2d 571 (1961)
Mrs. Loretta Lee VERDIN, wife of Robert WADE, II
v.
Robert WADE, II.
No. 28.
Court of Appeal of Louisiana, Fourth Circuit.
May 2, 1961.
*572 George B. Richard, Marrero, for defendant-appellant.
Leo L. Dubourg, New Orleans, for plaintiff-appellee.
Before REGAN, YARRUT, and HALL, JJ.
YARRUT, Judge.
The defendant-father appeals from the award of the care and custody of his three-year-old minor son to the plaintiff-mother, following a judgment of separation from bed and board, on the ground of abandonment, obtained by the mother. The father charges the mother is morally unfit because she lived openly as the concubine of another man, before obtaining her divorce, and bore him a child. This the mother frankly admitted. However, after obtaining her final divorce, she married her paramour.
At the time of the hearing, the District Judge was first inclined to award the custody to the father, but suggested the mother might redeem herself by contracting marriage with her paramour. All parties in open Court, during oral argument here, stipulated that the mother obtained a final divorce, married her paramour and he is supporting her and the child adequately. The father, following his abandonment of his wife and child, seldom saw the child, and contributed little or nothing to their support.
Our jurisprudence is too well settled, to admit of doubt, that the paramount consideration in determining which parent is entitled to the custody, after divorce, is the welfare and best interest of the child. Under this rule, minor children have been consistently awarded to the mother unless she has been found morally unfit or incapable of caring for them.
This jurisprudence is reviewed in the late case of Salley v. Salley, 238 La. 691, 116 So.2d 296, 298, cited by counsel for the father. In that case the custody was denied to the mother because she had an adulterous relationship while living apart from her husband for about a year. However, in that case the Court noted the language in Kieffer v. Heriard, 221 La. 151, 58 So.2d 836, to the following effect:
"The decree awarding custody is not, of course, conclusive for the future in the sense that it can never be changed. See Willis v. Willis, 209 La. 205, 24 So.2d 378. The mother may in the future by proper proceedings be able to establish to the satisfaction of the court that her conduct over a period of time has been proper, that she is as that time morally fit, and that it is to the best interest of the children to be in her charge."
Accordingly, the mother, though guilty of immoral conduct, can redeem herself by returning to the path of rectitude. The mother here has done so by contracting marriage with her paramour. Since there is no evidence that her home is now an unfit place for the child, we see no reason to disagree with the Trial Court. Therefore, the award of custody to the mother is affirmed; costs in both Courts to be paid by defendant-appellant.
Affirmed.