GLADNEY, Judge.
Plaintiff’s action for a divorce based' on two years living separate and apart from» his wife (LSA-R.S. 9:301) was met with a. plea of res judicata which was sustained by/ the trial court. Hence this appeal.
The ruling of the trial court held that a; judgment of divorce secured on August 15,. 1961 by Mrs. Aimee Grace Gilbert in the-Chancery Court of Jefferson County, Arkansas was valid by reason of compliance-with the applicable statutes of the State of Arkansas.
Mrs. Gilbert, on March 11, 1961, voluntarily separated from her husband and on that date moved to Pine Bluff, Arkansas,, carrying with her her four children and her household belongings. She established a residence and according to her testimony and that of her mother, Mrs. Walker, and Herbert Cowan, retained such residence until August 20 when Mrs. Gilbert moved! *64 to Alexandria and on August 22, 1961, she was married to Herbert Cowan. Subsequently Mr. and Mrs. Cowan moved to Monroe which was their matrimonial domicile at the time of the institution of this suit on February 3, 1965.
Plaintiff’s attack on the decree of divorce rendered in favor of his wife in Arkansas is supported only by certain statements contained in letters written by her to plaintiff from Alexandria. Appellee testified that her visits in Alexandria were for the purpose of permitting the father to see his children and that such visits were short and she returned to Pine Bluff on each occasion where she retained her residence until she returned to Alexandria for her marriage to Herbert Cowan. The evidence, in our opinion, justifies the trial court's finding that the Chancery Court of Jefferson County did have jurisdiction foras-much as there was in fact established a residence and domicile in the State of Arkansas. Another significant circumstance which favors the position of Mrs. Cowan is that appellant acquiesced in the court proceedings in Arkansas by authorizing an attorney to appear on his behalf. In the instrument he agreed to the inclusion of provisions in the judgment which would allow Mrs. Gilbert to have custody of the children and fix a stipulated amount for their support. This mandate was filed in the Arkansas court proceeding which was instituted on June 19, 1961. The attorney so appointed to represent Gilbert likewise filed an answer prior to rendition of the judgment which states that testimony as to the required period of residence and its bona fide nature thereof was given by Mrs. Gilbert and Herbert Cowan.
Counsel has relied strongly on the case of Eaton v. Eaton, 227 La. 992, 81 So.2d 371 (1955; cert. denied) 350 U.S. 873, 76 S.Ct. 116, 100 L.Ed. 772, to the effect that the courts of Louisiana will not give full faith and credit to an Arkansas divorce decree where the essential residence was lacking to support a judgment rendered in Arkansas. However, the facts of the Eaton case clearly disclose that neither of the parties were domiciled in Arkansas at the time the divorce was decreed and proper residence during the period required by the Arkansas statutes was not established. It would appear that Louisiana will respect a judgment under the full faith and credit clause of the Federal Constitution whenever it is shown there is proper residence and domicile to sustain the jurisdiction of the forum. In order to establish such a residence and domicile the following principles of law are fully recognized in the case of Zinko v. Zinko, 204 La. 478, 15 So.2d 859, wherein the court said:
“Tf there be a bona fide intent to establish a domicile, and a bona fide residence of some sort, “it is immaterial whether he lived in a hired house, a boarding house or (hotel), or his own dwelling.” * * * The domicile is then “fixed,” even as soon as such residence has begun or lasted “even for a few days’ only.” Brewster v. Emlet, 168 La. 326, 122 So. 54, 55. ‘To establish another domicile it is necessary that the person have the intention of abandoning his domicile at the time, and of residing in the new place permanently or indefinitely, coupled with actual residence there.’ Succession of Webre, 172 La. 1104, 136 So. 67. A change of domicile may be undertaken by a man whenever he so desires; any restraint upon his choice would be an abridgment of his right. ‘The law seeks for the intention, and allows every citizen freely to select his domicile accordingly, as his interest, inclination, or even caprice, may direct.’ Hennen v. Hennen, 12 La. 190.” [204 La. 478, 15 So.2d 859, 860]
It is our conclusion, therefore, that the trial court properly sustained the plea of res judicata.
Alternative relief requested by appellant is with respect to the custody of the four children born of the marriage between *65 Mr. and Mrs. Gilbert. Appellant charges that Mrs. Cowan, formerly Mrs. Gilbert, is an unfit mother of the children by reason of her admission during the course of the trial that she had on several occasions committed adultery. It was not shown that such charges were of sufficient gravity to destroy the fitness of the mother to retain custody of her minor children. See McCaa v. McCaa, La.App., 163 So.2d 434 (2nd Cir. 1964; cert. denied).
For the foregoing reasons we find that the judgment of the trial court in sustaining the plea of res judicata is correct Accordingly, the judgment is affirmed at appellant’s cost.