BOLIN, Judge.
Plaintiff father appeals from a judgment awarding to defendant mother the permanent custody of seven-year-old Debbie Suzanne Wilson, issue of the marriage between plaintiff and defendant.
Plaintiff and defendant were married in Beauregard Parish on November 12, 1960, where they resided until they moved to Caddo Parish in July, 1961. In November, 1966, Mrs. Wilson obtained a separation from bed and board from her husband and the temporary custody of Suzanne. Several months thereafter Mrs. Wilson and Suzanne moved back to Beauregard Parish. On November 20, 1967, Mr. Wilson, alleging he was in the armed services and temporarily stationed in Korea, filed suit in Cad-do Parish against Mrs. Wilson for a divorce on the ground of adultery and asked that he be awarded the permanent care and custody of their minor child. During pend-ency of the divorce proceeding in Caddo Parish Mrs. Wilson filed suit for a divorce in Beauregard Parish on the ground of having lived separate and apart for a period in excess of one year since the judgment of separation. In this petition the mother sought the permanent care, custody and control of the minor child and support of $75 per month. She also filed a motion in Caddo Parish to stay the divorce proceeding in Caddo, which motion was overruled.
Thereafter, Mr. Wilson filed an exception of lis pendens in Beauregard Parish alleging his suit for divorce in Caddo Parish was filed prior to the suit by Mrs. Wilson in Beauregard Parish. The exception of lis pendens was overruled insofar as the divorce action was concerned, since the two suits did not involve the same cause of action as required by Louisiana Code of Civil Procedure Article 531. The suit in Caddo Parish was based on adultery and the one in Beauregard Parish on living separate and apart for more than one year following the judgment of separation. The exception was sustained as to the issue of *374 the custody of the minor child, the trial judge being of the opinion this issue would be litigated in the divorce proceeding in Caddo Parish.
Following the ruling on the exception of lis pendens Mrs. Wilson proceeded with her divorce action in Beáuregard Parish resulting in judgment in her favor on February IS, 1968. The divorce decree contained no provision for the custody of the minor. Mr. Wilson then proceeded with the trial of his divorce and custody action in Caddo Parish and Mrs. Wilson filed an exception of res adjudicata as to the divorce, which was sustained because a divorce had previously been rendered in Mrs. Wilson’s 'favor in Beauregard Parish. Thereafter, Mrs. Wilson filed an answer in the form of a general denial and the case went to trial on May 7, 1968, restricted to the issue of the custody of the minor. Following trial, wherein numerous witnesses testified, the district judge awarded the custody of Debbie Suzanne Wilson to her mother and plaintiff appeals.
Appellant specifies the lower court erred in the following respects:
(1) In awarding the custody of the child to Mrs. Wilson rather than to Mr. Wilson, and
(2) In awarding the custody of the child to Mrs. Wilson notwithstanding the fact that she did not affirmatively ask for the custody nor file a reconventional demand in her answer to plaintiff’s petition but merely prayed that plaintiff’s demands be rejected.
Giving consideration first to the question of whether the judgment appealed from is responsive to the pleadings and evidence, we think the following codal provisions are relevant:
La.C.C. Art. 157:
“In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party.”
Louisiana Code of Civil Procedure Articles 862 and 1154 provide:
Art. 862:
“Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.”
Art. 1154:
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.”
Under the authority of the cited articles and the jurisprudence thereunder we think the trial judge was not only authorized but acted very prudently in granting the custody of the minor to one of the parties. The mother having obtained the divorce, Civil Code Article 157 makes it mandatory that the care and custody “shall” be placed *375 with her unless it be found to be for the greater advantage of the minor that her care be entrusted to the other party.
Since the trial in Caddo Parish was restricted to the issue of custody the testimony of practically all the witnesses bore directly upon whether the mother or father was the proper party to be granted the care and custody of the child. None of this evidence was objected to on the ground that Mrs. Wilson had not asked for the custody of Suzanne. It should also be pointed out that counsel for appellant stated, during the course of objecting to a question propounded to a witness, that the sole issue before the court was to whom the custody of the child should be awarded.
The trial judge having found the mother a fit person to be granted the custody of the minor, it would not have been to the best interest of the child to make no disposition of her custody. When the wife secured the divorce in Beauregard Parish this had the effect of terminating the pen-dente lite custody award in her favor in the judgment of separation. If the court had rejected appellant’s affirmative demand and had made no provision for the care of the child it would have necessitated more litigation, leading to a chaotic condition with respect to the innocent child.
We consider next the question of whether the lower court was justified in awarding custody to Mrs. Wilson rather than to Mr. Wilson. The trial judge was in a much better position to evaluate the credibility of the witnesses and as he is given great discretion in child custody cases we do not think it necessary or proper to comment on the mass of sordid testimony. Mrs. Wilson admitted she committed two acts of adultery while her husband was in Korea. Two days after she obtained a divorce she married a sergeant in the United States Army who was stationed at Ft. Polk. At the time of the trial they were maintaining a home in Beauregard Parish and Suzanne was living with them, attending school and church and was apparently well-adjusted and happy. Mr. Wilson had planned on having his mother and father assist him in rearing Suzanne in the event he obtained her custody. There were charges and counter-charges by both litigants in an effort to show neither was a fit person to rear the minor.
No useful purpose would be served in citing or discussing the numerous custody cases decided by our appellate courts. Suffice it to say the law is clear the paramount consideration is the welfare of the child and each case must be decided upon its own particular facts. The fact the mother had committed one or more acts of indiscretion does not necessarily render her unfit to be granted the custody of her child, but should only be considered along with all the other evidence in deciding what is in the best interest of the child. From our review of the record we do not find the trial judge abused the discretion vested in him in awarding the permanent care, custody and control of the minor, Debbie Suzanne Wilson, to her mother.
The judgment appealed from is affirmed at appellant’s cost.