LANDRY, Judge.
This appeal by defendant, Deborah Timber, mother of the minor, Vincent Eugene Jones, is from the judgment of the trial court awarding permanent custody of the child to appellee-father, Vincent Joseph Jones, pursuant to a divorce obtained by plaintiff on ground of two years separation.
The facts are presented solely through a narration thereof approved by the trial court and counsel for both parties. The recitation of pertinent circumstances shows that the parties were married August 28, 1965. The child, Vincent Eugene, was born December 7, 1965, at which time plaintiff and defendant were living together in New Orleans, Louisiana, where defendant was attending high school. From birth the child was placed in the care and custody of his paternal grandparents who resided in Houma, Louisiana, because appellant’s school attendance made it impossible for her to properly attend to the child’s needs. On an undisclosed date prior to December 25, 1967, appellant left New Orleans and lived with her parents in Houma, Louisiana, where appellee visited her on week ends. The child continued to live with his paternal grandparents. Plaintiff and defendant formally separated on December 25, 1967. The separation resulted from appellant’s allegedly having been seen with one Earl Bolden in Thibodaux, Louisiana, the previous day.
Approximately eight months thereafter, in August, 1968, appellant instituted proceedings to obtain custody of the child which had remained in the care of his paternal grandparents. On February 17, 1969, appellant was granted temporary custody of the child. On December 3, 1969, appellant gave birth to a child which appellant admits was not fathered by plaintiff, her lawful husband.
It is conceded that since obtaining custody of Vincent Eugene in February, 1969, appellant has “given the minor child all of the needs of life in supplying him with a good home atmosphere, clean clothes, proper food and medical care; that neither the father or his parents could find any criticism of the way the mother cared for the child.”
Plaintiff-father is employed as a concrete finisher and works an average of forty hours weekly. If granted custody, he would be with his son only on evenings *209 and week ends. The remaining time the child would be cared for by his paternal grandparents.
Regarding the circumstances of appellant’s relationship with her alleged paramour, the account stipulates in full as follows :
“There was no evidence introduced to show that the father of the child born on December 3, 1969 at any time lived with the appellant for any length of time during the period of conception. There was no evidence introduced to show that conception occurred or" cohabitation occurred in the presence of Vincent Eugene Jones. Evidence did show that the father of the child born on December 3, 1969 is in the armed forces and was sent to Viet Nam in April, 1969 and returned to the States in April, 1970 and at the time of the trial was stationed in St. Louis, Missouri.
Your appellant admits quite freely that she intends to marry this man upon his discharge.
The Court took the position that since February 17, 1969, when custody was granted to appellant, she had had an adulterous connection with Earl Bolden, admittedly the father of her child born December 3, 1969, and that Earl Bolden had financed appellant’s trip to Washington in the summer of 1969. As a result of all of the evidence, the Court felt that appellant had not established such a stability in her mode of life as to be conducive to the rearing of her child, Vincent Eugene Jones.”
It is settled beyond doubt that in awarding custody of children following divorce, the primary concern of the courts is the best interest, welfare and happiness of the children. Cannon v. Cannon, 225 La. 874, 74 So.2d 147; Messner v. Messner, 240 La. 252, 122 So.2d 90; Bush v. Bush, La.App., 144 So.2d 119.
Notwithstanding LSA-C.C. art. 157, which provides that custody shall be awarded the party obtaining a separation or divorce unless the interest of the children require otherwise, the mother is preferred in custody proceedings unless she be shown to have forfeited her right to custody. Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456.
The question of whether the mother has by alleged adulterous conduct forfeited her preferential right to custody has been litigated on numerous occasions. The rule evolving from these cases is that a few secretive acts of adultery by a mother who is otherwise fit to care for her children may not be sufficient to establish her unfitness. Messner v. Messner, above, Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311; Bush v. Bush, above.
Counsel for appellant relies on Wilson v. Wilson, La.App., 218 So.2d 372; Wade v. Wade, La.App., 129 So.2d 571; Bush v. Bush, La.App., 144 So.2d 119; Gilbert v. Cowan, La.App., 180 So.2d 63, and Brunt v. Brunt, La.App., 166 So.2d 71, as examples of instances wherein isolated acts of adultery have been held inadequate to deprive the mother of her right to custody.
On the other hand, appellee relies on Murray v. Murray, La.App., 220 So.2d 790; Brewer v. Macaluso, La.App., 221 So.2d 343; Hicks v. Deer, La.App., 222 So.2d 82, and State ex rel. Thaxton, La.App., 220 So.2d 184, for the rule that the broad discretion of the trial court in awarding custody will not be disturbed on review unless it appears based on incorrect legal principles or constitutes an abuse of discretion.
We believe no useful purpose would be served by analyzing the facts of each of the cases cited. It suffices to state that each such case must be determined in the light of its own peculiar facts and circumstances. Wilson v. Wilson, La.App., 218 So.2d 372.
 The present record is barren of evidence showing either the circumstances *210 under which the admitted adultery was committed or the frequency thereof. It affirmatively establishes that appellant did not live in open cohabitation with her paramour and that such act or acts of adultery as were committed did not occur in the presence of the minor involved. The mere finding of an adulterous relationship by the trial court, without any evidence as to the circumstances thereof, does not, as a matter of law, forfeit the mother’s right to custody. Nor does the added fact that the paramour financed a trip for appellant herein constitute sufficient legal ground to justify awarding the child’s custody to the father.
The recited circumstances indicate that appellant was in fact properly caring for her child. The child, being of tender age, it appears his interests are presently being served by the mother.
The conduct of the mother, independent of her actual caring for the needs of the child in this case, is not sufficient, as a matter of law, to deprive her of custody on the ground of moral unfitness. In Bush v. Bush, La.App., 144 So.2d 119, under circumstances considerably more aggravated than those herein, the mother was not deprived of custody where the husband failed to show that her conduct was detrimental to the child’s welfare.
We find that the trial court committed patent error in concluding that appellant lacked that stability conducive to the proper rearing of the child in question. We find that the evidence reflects the opposite to be true in this instance inasmuch as it is shown that appellant is, in fact, properly attending to the needs of her child. It further appears that appellant’s conduct has not adversely affected the welfare of the child to the slightest degree.
It is ordered, adjudged and decreed that the judgment of the trial court awarding permanent care, custody and control of the minor, Vincent Eugene Jones, to plaintiff, Vincent Joseph Jones, be and the same is hereby reversed and set aside and judgment rendered herein awarding permanent care, custody and control of the minor, Vincent Eugene Jones, to defendant-appellant, Deborah Timber; all costs of these proceedings to be paid by plaintiff-appellee, Vincent Joseph Jones.
Reversed and rendered.