CHIASSON, Judge.
Plaintiff, Paul A. O’Bryan, Jr., filed a petition for divorce on January 18, 1977, against his wife, Iris Alvarez de O’Bryan, on the ground of living separate and apart for two years. Mentioned in the petition was the existence of two minor children born of the marriage, but no prayer for custody was contained therein. The trial judge appointed John L. Glover, an attorney, to represent the defendant, Mrs. O’Bryan, a nonresident domiciled in Guatemala.
Mr. Glover contacted Mrs. O’Bryan concerning the suit and filed an answer and a reconventional demand seeking custody of the couple’s two minor children and child support. After negotiations among the attorneys representing both sides, an agreement was reached concerning the custody of the children and the amount of support payments.
On October 12, 1977, the trial judge rendered judgment granting an absolute divorce to the plaintiff-appellee. In addition to the divorce decree, the court granted custody of the couple’s two minor children in accordance with a stipulation entered in the record. The plaintiff was awarded custody of the minor son, while the defendant was awarded custody of the minor daughter. The plaintiff was ordered to pay $200 a month in child support for the minor daughter and to keep her name on the insurance policy he had with his employer.
The defendant was advised of the judgment by her counsel and she objected to the custody order. Mr. Glover then filed for a devolutiye appeal to this court seeking to overturn the judgment of the trial court as it related to custody and child support. In an unreported decision, # 11,980, this court remanded the case to determine the matters relating to custody and child support but affirmed the finality of the divorce. Therein this court stated:

“Considering that plaintiff and defendant live in different countries, and that it is apparent that the issue of custody and child support was decided based upon the erroneous agreement entered into, we are of the opinion that the interest of justice demands that the judgment as it relates to custody of both minor children as well as the issue of child support be reversed and remanded to the trial court for a new trial on those issues alone.” O’Bryan v. O’Bryan, # 11,980 1st Cir. May 1, 1978 unreported.

Mr. Glover then filed a rule to show cause in the trial court seeking compensation for his services as attorney ad hoc and for anticipated expenses of conducting discovery in preparation of trial to determine *1208 custody of the children and child support. Plaintiff-appellee filed exceptions of lack of procedural capacity, vagueness, and failure to show a right and/or cause of action.
The trial judge sustained the exception of no right of action based on the comments under Code of Civil Procedure, Articles 5094 and 5095. After his motion for a new trial was denied, defendant-appellant appealed to this court for a second time.
The issues presented on appeal concern the duties of a court appointed attorney in a divorce suit coupled with incidental matters of custody and child support. We will discuss these duties as they relate to each matter.
The duties and responsibilities of a court appointed attorney are set forth in the Code of Civil Procedure. Articles 5094 and 5095 and the comments under them read as follows:
Article 5094:
“When an attorney at law is appointed by the court to represent a defendant who is a nonresident or an absentee, the attorney shall use reasonable diligence to communicate with the defendant and inform him of the pendency and nature of the action or proceeding, and of the time available for the filing of an answer or the assertion of a defense otherwise.
Comments
(a) Notice of the pendency of the suit, and of the time available to the defendant for asserting his defense, are two of the most important duties of the appointed attorney in such cases.
(b) The phrase ‘the assertion of a defense otherwise’ applies to executory proceedings, where no exceptions or answer may be filed, and all defenses must be asserted either in a suit for an injunction to arrest the seizure and sale, or through a suspensive appeal.”
if: sk * sfc * *
Article 5095:
“The attorney at law appointed by the court to represent a defendant shall use reasonable diligence to inquire of the defendant, and to determine from other available sources, what defense, if any, the defendant may have, and what evidence is available in support thereof. “Except in an executory proceeding, the attorney may except to the petition, shall file an answer in time to prevent a default judgment from being rendered, may plead therein any affirmative defense available, may prosecute an appeal from an adverse judgment, and generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for the defendant.
Comments
(a) This article is based upon customary practices which are regarded as proper. The appointed attorney has no authority to force the defendant to become the actor by filing a separate suit in his name, or by calling in a third party defendant, or by reconvening. His function, and his sole authority under the law, is to defend the pending action or proceeding, and he may not commit the person he is appointed to represent in any other manner.”
* * * * * *
The general rule established in the jurisprudence is summarized in Johnson v. Jones, 170 La. 760, 129 So. 155, 156 (1930), as follows:
“. .. A curator ad hoc is appointed for a particular purpose under express statutory authority. His powers are strictly limited to those conferred by law, and cannot be extended to the performance of any other acts than such as tend to the defense of the rights and the protection of the interests of the absentee whom he represents. .. . ”
In the original petition for a divorce filed herein, plaintiff alleged the existence of two minor children of the marriage. This placed the trial judge on notice of the existence of the two children who then had a statutory duty to determine the custody of the children in the divorce decree. La.C.C. art. 157.
La.C.C. art. 157 in part provides:
*1209 “In all cases of separation and divorce, ... permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, ...” (Emphasis added).
Under this article the trial judge is mandated to determine which parent will have custody of the two children. The use of the word “shall” in the article has long been construed as a mandate. Ray v. South Central Bell Telephone Company, 315 So.2d 759 (La.1975) and Succession of Thibaut, 224 So.2d 852 (La.App. 1st Cir. 1969).
Two cases that have touched on the subject are Griffith v. Roy, 263 La. 712, 269 So.2d 217 (1972) and Wilson v. Wilson, 218 So.2d 372 (La.App. 2nd Cir. 1969). Under Griffith, Justice Barham states: “... In Louisiana, however, under a literal reading of our Code, during the pendency of litigation for separation from bed and board or divorce or upon judgment of separation or of divorce, the court is empowered, perhaps mandated, to determine the custody of the minor children as between the parties, the parents.” (Underscoring added). Where in the Wilson decision, the court states: “. .. The mother having obtained the divorce, Civil Code Article 157 makes it mandatory that the care and custody ‘shall’ be placed with her.. .. ”
The statute has been amended while this case has been pending, but the amendments did not change the mandatory language requiring the trial court to make a custody determination in all divorce decrees.
Since the trial court was mandated to dispose of the custody matter in conjunction with the divorce, the court appointed attorney needs to defend that issue. He could and should have raised the custody issue in his answer. But even in the absence of the issue being raised in the answer, the matter was still before the trial court for the reasons hereinbefore stated. The erroneous presentation of this issue in a reconventional demand, which cannot be filed by an attorney in his capacity as a court appointed attorney, does not detract from the fact that the issue was already properly before the trial court and could be defended by the court appointed attorney in that capacity.
The next issue before this court is whether Mr. Glover could file a reconven-tional demand for child support. The determination of child support is a separate question from the custody issue. Since the plaintiff did not make child support an issue in his petition, Mr. Glover did not have to defend on this issue nor was he authorized to seek child support in his capacity as a court appointed attorney.
By filing a reconventional demand for child support, Mr. Glover was no longer advancing a defense for his absentee client, but was asserting additional relief on her behalf. He could only do this if he had been retained by Mrs. O’Bryan. The record establishes that Mr. Glover has never been hired or retained by Mrs. O’Bryan to represent her in this matter.
A careful examination of the law reveals no mandatory duty imposed upon the trial court to dispose of child support in a divorce proceeding. The two questions of custody and child support are as a practical matter generally brought together. However, depending upon what disposition is made on the custody issue, the claim for child support may or may not become an issue.
The trial court was correct in dismissing the Rule to Show Cause on the exception of no right of action as it relates to child support, but not in regards to custody of the children. Since the issues are split, Mr. Glover can continue to represent the absentee defendant in regards to the custody matter as her court appointed attorney. As to child support, Mrs. O’Bryan will need to secure counsel to advance that issue if the need arises.
For these reasons, the judgment of the trial court sustaining the exception as to the issue of child support is affirmed and vacated as to the issue of child custody. Judgment is rendered overruling the exception as to the issue of child custody and the *1210 case is remanded for further proceedings consistent herewith. Costs of this appeal are to be paid by appellee.
AFFIRMED IN PART, REVERSED IN PART, RENDERED AND REMANDED.